1 | Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
2 | 1301 Second Ave, Suite 2000
Seattle, WA 98101
3 | T: (206) 623-7292
F: (206) 623-0594
4 | Email: steve@hbsslaw.com

5 | Christopher R. Pitoun (SBN 290235)
HAGENS BERMAN SOBOL SHAPIRO LLP
6 | 301 N. Lake Ave., Suite 920
Pasadena, CA 91101
7 | Telephone:  (213) 330-7150
Facsmile: (213) 330-7152
8 | Email: Christopherp@hbsslaw.com

9 | (Additional Counsel Listed on Signature Page)

10 | **_Counsel for Proposed Intervenors_**
**_John Galvan and Patrick Thomas_**

11 |

### UNITED STATES DISTRICT COURT FOR

### NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

COLIN SCHOLL and LISA STRAWN, on behalf
of themselves and all others similarly situated,

                      Plaintiffs,

    v.

STEVEN MNUCHIN, in his official capacity as
the Secretary of the U.S. Department of
Treasury; CHARLES RETTIG, in his official
capacity as U.S. Commissioner of Internal
Revenue; U.S. DEPARTMENT OF THE
TREASURY; U.S. INTERNAL REVENUE
SERVICE; and UNITED STATES OF AMERICA,

                      Defendants.

Case No. 4:20-cv-5309

**NOTICE OF MOTION AND MOTION
TO INTERVENE AND TO TRANSFER
THIS ACTION UNDER THE FIRST-
TO-FILE RULE AND
INCORPORATED MEMORANDUM
OF LAW**

**CLASS ACTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**PLEASE TAKE NOTICE THAT** John Galvan and Patrick Taylor move under Federal Rule of Civil Procedure 24(b) to intervene in this action and to transfer the action to the Northern District of Illinois under the first-to-file rule.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in Support of the Motion to Intervene and Transfer, the concurrently filed exhibits, any other matters of which the Court may take judicial notice, other documents on file in these actions, and any oral argument by counsel.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................1

II.  BACKGROUND ................................................................................................1

III. ARGUMENT .....................................................................................................3

    A.   *Galvan* Plaintiffs satisfy the legal standard for permissive intervention in the *Scholl* action because *Galvan* Plaintiffs' motion is timely, they have claims in common with *Scholl* Plaintiffs, and allowing permissive intervention would not unduly delay or prejudice the adjudication of *Scholl* Plaintiffs' rights...................3

    B.   The *Scholl* action transferred to the Northern District of Illinois under the first-to-file rule because *Galvan* Plaintiffs filed their action before *Scholl* Plaintiffs, and both the proposed classes and the legal issues in the two cases are substantially similar, if not identical........................................................5

IV.  CONCLUSION...................................................................................................7

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**CASES**

4

*Barapind v. Reno*,

5
    225 F.3d 1100 (9th Cir. 2000) ..................................................................................5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,

6
    966 F.2d 470 (9th Cir. 1992) ....................................................................................5

7
*Crimson Pipeline Mgmt., Inc. v. Herzog Contracting Corp.*,

8
    No. CV 12-3653-GHK (RZX), 2013 WL 12246623 (C.D. Cal. July 9, 2013) ........................4

9
*Ctr. for Biological Diversity v. Zinke*,
    No. CV-18-00047-TUC-JGZ, 2018 WL 3497081 (D. Ariz. July 18, 2018) ...........................3

10

11
*Dewan v. M-I, L.L.C.*,
    No. 1:14-CV-01151-AWI, 2015 WL 3797462 (E.D. Cal. June 18, 2015) ..............................6

12
*Dewan v. M-I, L.L.C.*,

13
    No. CIV.A. H-12-3638, 2014 WL 2981362 (S.D. Tex. June 27, 2014)...............................4, 5

14
*Galvan, et al. v. Mnuchin, et al.*,

15
    No. 1:20-cv-04511 (N.D. Ill. filed July 31, 2020) ........................................... *passim*

16
*Koehler v. Pepperidge Farm, Inc.*,
    No. 13-CV-02644-YGR, 2013 WL 4806895 (N.D. Cal. Sept. 9, 2013) ..................................7

17
*Manier v. L'Oreal USA, Inc.*,

18
    No. 2:16-CV-06886-ODW-KS, 2017 WL 59066 (C.D. Cal. Jan. 4, 2017)...........................3, 6

19
*Paher v. Cegavske*,
    No. 320CV00243MMDWGC, 2020 WL 2042365 (D. Nev. Apr. 28, 2020) ...........................4

20

21
*Ross v. U.S. Bank Nat'l Ass'n*,
    542 F. Supp. 2d 1014 (N.D. Cal. 2008) ...............................................................5, 6

22
*Wit v. United Behavioral Health*,

23
    No. 14-CV-02346-JCS, 2016 WL 491468 (N.D. Cal. Feb. 9, 2016) .......................................4

24

**STATUTES**

25
5 U.S.C. § 706(2) ................................................................................................2, 4

26
Administrative Procedures Act, 5 U.S.C. § 706(1)..............................................................2, 4

27

CARES Act.................................................................................................................2, 4, 7

Fed. R. Civ. P. 24(b)(1), (3)............................................................................. *passim*

Little Tucker Act, 28 U.S.C. § 1346(a)(2)...................................................................2

## I.     INTRODUCTION

John Galvan and Patrick Taylor ("*Galvan* Plaintiffs") are the named Plaintiffs in the putative class action *Galvan, et al. v. Mnuchin, et al.*, No. 1:20-cv-04511 (N.D. Ill. filed July 31, 2020). *Galvan* Plaintiffs move to intervene in the *Scholl* litigation and to transfer the *Scholl* action to the Northern District of Illinois, where *Galvan* is pending, under the first-to-file rule.

Permissive intervention under Federal Rule of Civil Procedure 24(b) is warranted here because the motion to intervene is timely, the claims in the two actions are common (indeed, *identical*), and the intervention will cause no undue delay or prejudice to the parties in *Scholl*.

Transfer of the *Scholl* action is warranted under the first-to-file rule: the *Galvan* action was filed prior to the *Scholl* action, the defendants in the two actions are identical, the proposed classes in the two actions are indistinguishable, and the cases present identical issues of law.

## II.     BACKGROUND

Under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Congress mandated that all "eligible individuals"—including incarcerated persons—are entitled to receive an Economic Impact Payment worth roughly $1,200. The United States Department of Treasury, the Internal Revenue Service (a bureau within the Treasury), and officials in charge of those entities—are preventing incarcerated people from receiving these Economic Impact Payments, thereby contravening the plain language of the statute. These actions have deprived incarcerated persons of a potentially lifesaving financial benefit at a time when COVID-19 is ravaging the economy and millions of Americans are losing their jobs.

*Galvan* Plaintiffs both are eligible to receive Economic Impact Payments. They both submitted information to the IRS to receive the Payments, and both have been unlawfully barred from receiving the Payments based on their status as incarcerated persons.

*Galvan* Plaintiffs filed their class-action complaint on **July 31, 2020**, naming as Defendants U.S. Treasury Secretary Steven Mnuchin, the U.S. Department of the Treasury, U.S.

1   Commissioner of Internal Revenue Charles P. Rettig, the Internal Revenue Service, and the

2   United States.[1] The *Galvan* Complaint contains three counts:

3          (1) a claim for declaratory and injunctive relief under the Administrative

4                Procedures Act (APA), 5 U.S.C. § 706(1);

5          (2) a claim for declaratory and injunctive relief under the APA, 5 U.S.C.

6                § 706(2); and

7          (3) a claim for damages under the CARES Act, 26 U.S.C. § 6428, and the

8                Little Tucker Act, 28 U.S.C. § 1346(a)(2).

9   *Galvan* Plaintiffs have moved to certify a class defined as:

10            Every person throughout the United States who is an "eligible

11            individual," as defined by 26 U.S.C. § 6428(d), to receive an Economic

12            Impact Payment but did not receive one because they: (a) meet the

13            criteria described in Section 202(x)(1)(A)(i)–(v) of the Social Security

14            Act; or (b) were or are otherwise incarcerated in a federal, state, or

15            local, prison, jail, or other penal institution.

16          On **August 1, 2020**—the day **after** *Galvan* Plaintiffs had filed their class-action

17   complaint in the Northern District of Illinois— *Scholl* Plaintiffs filed a substantively identical

18   class-action complaint in the Northern District of California. The *Scholl* Complaint names the

19   same Defendants as the *Galvan* Complaint,[2] raises the same claims as the *Galvan* Complaint,[3]

20   and contains a class definition that is substantively identical to the class definition in the *Galvan*

21   Complaint.[4]

22

23   _____

24       [1] *Galvan* Class Action Compl. ("*Galvan* Compl."), Ex. 1.

         [2] *Compare Scholl* Class Action Compl. ("*Scholl* Compl."), Dkt. No. 1, at ¶¶ 6–10, *with*
25   *Galvan* Compl., Ex. 1, at ¶¶ 20–24.

26       [3] *Compare Scholl* Compl., Dkt. No. 1, at ¶¶ 40–54, *with Galvan* Compl., Ex. 1, at ¶¶ 83–108.

         [4] *Compare Scholl* Compl., Dkt. No. 1, at ¶ 33, *with Galvan* Compl., Ex. 1, at ¶ 74.

27

1    Since the filing of their complaint in this Court, *Scholl* Plaintiffs have also filed a motion

2    requesting a preliminary injunction, class certification, and the appointment of co-lead class

3    counsel.[5]

4    *Galvan* Plaintiffs have gone further and—in addition to moving for class certification and

5    appointment of co-lead counsel[6]—have filed a motion for partial summary judgment on their

6    claims seeking declaratory and injunctive relief.[7]

7    ### III.   ARGUMENT

8    **A. *Galvan* Plaintiffs satisfy the legal standard for permissive intervention in the *Scholl***
     **action because *Galvan* Plaintiffs' motion is timely, they have claims in common with**
9    **_Scholl_ Plaintiffs, and allowing permissive intervention would not unduly delay or**
     **prejudice the adjudication of *Scholl* Plaintiffs' rights.**
10

11   A court may permit anyone to intervene in an action when (1) the motion to intervene is

12   timely, (2) the proposed intervenors have a claim or defense in common with the main action,

13   and (3) allowing intervention would not unduly delay or prejudice the adjudication of the

14   original parties' rights.[8] *Galvan* Plaintiffs easily satisfy all three requirements.

15   First, *Galvan* Plaintiffs' motion to intervene is timely because the *Scholl* case "is at an

16   early stage and briefing on [Plaintiffs'] pending motion[s] . . . has not closed."[9] Moreover,

17   *Galvan* Plaintiffs moved to intervene within 17 days of the filing of the *Scholl* action and 14 days

18

19   ⁵ *Scholl* Pls.' Notice of Mot., and Mem. of Points and Authorities in Supp. of Pls.' Mot. for
     (1) Preliminary Injunction; (2) Class Certification; and (3) Appointment of Co-Lead Class
20   Counsel ("*Scholl* Mot. for Preliminary Injunction and Class Certification"), Dkt. No. 8.

21   ⁶ *Galvan* Pls.' Mot. for Class Certification and for Appointment of Co-Lead Class Counsel,
     Ex. 2; *Galvan* Mem. of Law in Supp. of Pls.' Mot. for Class Certification and Appointment of
22   Co-Lead Class Counsel ("*Galvan* Mem. in Supp. of Class Certification"), Ex. 3.

23   ⁷ *Galvan* Pls.' Mot. for Partial Summary Judgment, Ex. 4; *Galvan* Pls.' Rule 56 Statement of
     Undisputed Material Facts, Ex. 5; *Galvan* Mem. in Supp. of Pls.' Mot. for Partial Summary
24   Judgment, Ex. 6.

25   ⁸ Fed. R. Civ. P. 24(b)(1), (3); *Manier v. L'Oreal USA, Inc.*, No. 2:16-CV-06886-ODW-KS,
     2017 WL 59066, at *2 (C.D. Cal. Jan. 4, 2017).

26   ⁹ *Ctr. for Biological Diversity v. Zinke*, No. CV-18-00047-TUC-JGZ, 2018 WL 3497081, at
     *2, *4 (D. Ariz. July 18, 2018) (concluding under Rule 24(a) and (b) that motion to intervene
27   was timely).

1   before Defendants are due to respond to *Scholl* Plaintiffs' motions for preliminary injunction and

2   class certification.[10]

3         Second, *Galvan* Plaintiffs have claims in common with the *Scholl* action. Indeed, transfer

4   is particularly appropriate here given that the claims of the *Galvan* and *Scholl* Plaintiffs are not

5   just similar but ***identical***.[11] In both the *Galvan* and *Scholl* Complaints, Count I is a claim under

6   the APA, 5 U.S.C. § 706(1), seeking that Defendants make Economic Impact Payments to the

7   Class;[12] Count II is a claim under the APA, 5 U.S.C. § 706(2), seeking that Defendants cease

8   their arbitrary and capricious policy of withholding Economic Impact Payments from Class

9   Members;[13] and Count III is a claim for damages under the CARES Act and the Little Tucker

10  Act.[14]

11        Third, permitting intervention by *Galvan* Plaintiffs will not unduly delay or prejudice the

12  adjudication of rights of either the plaintiffs or defendants in *Scholl*. *Galvan* Plaintiffs seek to

13  intervene for the purpose of transferring the *Scholl* case to the Northern District of Illinois under

14  the first-to-file rule. Because the claims of *Scholl* Plaintiffs "are encapsulated" in the *Galvan*

15  class action, *Scholl* Plaintiffs "will not lose [their] rights."[15] In addition, because Defendants and

16

---

17      [10] *Paher v. Cegavske*, No. 320CV00243MMDWGC, 2020 WL 2042365, at \*2 (D. Nev. Apr.
18  28, 2020) (concluding there was "no question" that the motion to intervene was timely and
    intervention was sought "within six days from the filing of the action and before the reply brief
19  in support of Plaintiffs' motion for preliminary injunction [was] due under the Court's expedited
    briefing schedule.").

20      [11] *See Wit v. United Behavioral Health*, No. 14-CV-02346-JCS, 2016 WL 491468, at \*2
    (N.D. Cal. Feb. 9, 2016) (concluding that intervention was appropriate where "class claims of the
21  proposed intervenors [were] virtually identical to those of the plaintiffs");*Crimson Pipeline
    Mgmt., Inc. v. Herzog Contracting Corp.*, No. CV 12-3653-GHK (RZX), 2013 WL 12246623, at
22  \*2 (C.D. Cal. July 9, 2013) (deciding to grant motion to intervene despite substantial delay in
    filing of motion because of importance of similarity of claims—namely, that "claims [we]re
23  nearly identical" (emphasis added))).

24      [12] *Compare Scholl Compl.*, Dkt. No. 1, ¶¶ 40–43, *with Galvan* Compl. ¶¶ 83–91.

        [13] *Compare Scholl Compl.*, Dkt. No. 1, ¶¶ 44–49, *with Galvan* Compl. ¶¶ 92–101.
25
        [14] *Compare Scholl Compl.*, Dkt. No. 1, ¶¶ 50–54, *with Galvan* Compl. ¶¶ 102–08.
26
        [15] *Dewan v. M-I, L.L.C.*, No. CIV.A. H-12-3638, 2014 WL 2981362, at \*6 (S.D. Tex. June 27,
    2014).
27

claims in the two actions are identical, Defendants "will benefit in both time and expense from having to defend [themselves] in one forum rather than two against allegations of substantially similar . . . violations . . . , and if the [*Galvan* class] action is and remains certified, justice will benefit from the avoidance of potentially contradictory results and piecemeal results because there will be a uniform result."[16]

Finally, *Galvan* Plaintiffs note that although permissive intervention generally "requires independent jurisdictional grounds,"[17] such "an independent jurisdictional basis is not required [where] intervenors do not seek to litigate a claim on the merits."[18] Here, *Galvan* Plaintiffs are not seeking to litigate a claim on the merits in the Northern District of California; rather, they seek to transfer this action to the Northern District of Illinois under the first-to-file rule. Thus, no independent jurisdictional basis for intervention is necessary.

**B. The *Scholl* action transferred to the Northern District of Illinois under the first-to-file rule because *Galvan* Plaintiffs filed their action before *Scholl* Plaintiffs, and both the proposed classes and the legal issues in the two cases are substantially similar, if not identical.**

"The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district."[19] "In the Ninth Circuit, the principles of federal comity are embodied in the 'first-to-file' rule," which permits a district court to "transfer, stay or dismiss an action when a federal action with similar parties and issues has been filed in another district court."[20]

In determining whether to apply the first-to-file rule, a court considers three factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the

---

[16] *Id.*

[17] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992) (citation omitted).

[18] *Id.*

[19] *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citation omitted).

[20] *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008) (citations omitted).

1    issues."[21] Each of these factors favors transferring this case to the Northern District of Illinois.

2    Indeed, *Scholl* Plaintiffs themselves acknowledge that it would be appropriate to avoid

3    duplicative litigation.[22] But as described below, their conclusion that the cases should be heard in

4    this district is incorrect.[23] Rather, under the first-filed doctrine, the case should be heard in the

5    Northern District of Illinois.

6         The chronology factor supports *Galvan* Plaintiffs' request for transfer because *Galvan*

7    was filed before this case. Namely, *Galvan* Plaintiffs filed their action one day before *Scholl*

8    Plaintiffs filed theirs,[24] and that is all that is required. "A court need only find that the action in

9    the would-be transferee district court was filed prior to the action in the would-be transferor

10   district court."[25]

11        Transfer is further warranted under the first-to-file rule because the class definitions in

12   the two actions are substantively identical, and "[i]n a class action, the classes, and not the class

13   representatives are compared" to determine whether the parties are similar.[26] Although the class

14   definition in *Galvan* is phrased differently from the class definition in *Scholl*, the proposed

15   classes are substantially similar for purposes of transfer because they overlap[27]: both actions seek

16

17        [21] *Dewan v. M-I, L.L.C.*, No. 1:14-CV-01151-AWI, 2015 WL 3797462, at *4 (E.D. Cal. June
18   18, 2015) (quoting *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625–26 (9th Cir.1991))
     (internal quotation marks omitted).

19        [22] *See* Ex. A to *Scholl* Pls.' Notice of Pendency of Other Action, Dkt. 30-1, at ¶ 4 ("[I]t it
     would waste judicial resources for this Court to tread the same ground and would also create a
20   risk of conflicting adjudications.").

21        [23] *Scholl* Plaintiffs also have unfortunately made a number of unfounded accusations relating
     to the *Galvan* case in a "notice" that they filed with this Court and in the *Galvan* action. *Galvan*
22   Plaintiffs have responded to that notice and attach a copy of that response hereto as Exhibit 7.

     [24] *Compare Galvan* Compl. (filed July 31, 2020), *with Scholl Compl.*, Dkt., (filed Aug. 1,
23   2020).

24        [25] *Manier*, 2017 WL 59066, at *3.

          [26] *Ross*, 542 F. Supp. 2d at 1020 (citation omitted).
25
          [27] *See Manier*, 2017 WL 59066, at *3 ("Where the proposed classes in both actions overlap,
26   courts have held that the parties are substantially similar. Here, both actions seek to represent a
     nationwide class of consumers that have purchased the [same] product. As such, the similarity of
27   the parties requirement is met." (citations omitted)).

1    to represent a class of persons who are eligible for an Economic Impact Payment but are barred

2    by Defendants from receiving the Payment because they are incarcerated.[28]

3    　　　Finally, the similarity of the issues between *Galvan* and *Scholl* cuts in favor of transfer.

4    For the first-to-file rule to apply, "the issues in the two actions must be *substantially similar*,

5    rather than identical."[29] Here, the similarity standard is satisfied because the issues in the two

6    actions are not only substantially similar but *identical*. As detailed above, the two actions raise

7    the same three claims and involve the same eligibility provision of the CARES Act, the same

8    benefit, and the same conduct by Defendants which precluded—and continues to preclude—

9    Class Members from receiving funds under the Act. Both actions present the questions whether

10   incarcerated persons are eligible to receive funds under the CARES Act and whether Defendants

11   have a legal obligation to cause the IRS to send Economic Impact Payments to Class Members.[30]

12   Moreover, both actions seek to certify substantially similar—if not identical—classes under

13   Rule 23(b)(2) *and* (b)(3),[31] and therefore present the same class-certification issues.

14   　　　　　　　　　**IV.   CONCLUSION**

15   　　　In short, the Court should permit *Galvan* Plaintiffs to intervene under Rule 24(b) because

16   the motion to intervene is timely, the claims in the two actions are identical, and the intervention

17   will cause no undue delay or prejudice to the parties in *Scholl*. Likewise, the Court should

18   transfer the *Scholl* action under the first-to-file rule because the *Galvan* action was filed prior to

---

19   [28] *Compare Scholl Compl.*, Dkt. No. 1, ¶ 33, *with Galvan* Compl.¶ 74.

20   [29] *Koehler v. Pepperidge Farm, Inc.*, No. 13-CV-02644-YGR, 2013 WL 4806895, at *4 (N.D.
21   Cal. Sept. 9, 2013) (citations omitted).

22   [30] *Compare Galvan* Mem. in Supp. of Class Certification, Ex. 3, at 14 ("All of the most
     important questions in this litigation are common to the Class Members, including (among
23   others): (1) whether incarcerated persons are eligible to receive funds under the CARES Act, and
     (2) whether Defendants have a legal obligation to cause the IRS to send Economic Impact
24   Payments to Class Members."), *with Scholl* Mot. for Preliminary Injunction and Class
     Certification, Dkt. No. 8, at 23–24 ("[T]he central common question here is whether the CARES
25   Act excludes incarcerated people from the definition of an 'eligible individual' based solely on
     their incarceration.").

26   [31] *Compare Galvan* Mem. in Supp. of Class Certification, Ex. 3, at 2 (defining proposed
     class), *with Scholl* Compl, Dkt. No. 1, at ¶¶ 33 (defining proposed class).

27

1    *Scholl*, the defendants in the two actions are identical, the proposed classes in the two actions are

2    indistinguishable, and the cases present identical issues of law.

3           Accordingly, *Galvan* Plaintiffs respectfully request that the Court enter an order

4    permitting John Galvan and Patrick Taylor to intervene in this action under Rule 24(b) and

5    transferring the action to Judge Gottschall in the Northern District of Illinois under the

6    first-to-file rule.[32]

7    DATED: August 18, 2020              Respectfully submitted,

8                                        By: */s/ Christopher R. Pitoun*

9                                        Steve W. Berman
10                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                         1301 Second Ave, Suite 2000
11                                       Seattle, WA 98101
                                         T: (206) 623-7292
12                                       F: (206) 623-0594
                                         steve@hbsslaw.com

13                                       Jeannie Y. Evans
14                                       Zoran Tasić
                                         HAGENS BERMAN SOBOL SHAPIRO LLP
15                                       455 N. Cityfront Plaza Drive, Suite 2410
                                         Chicago, IL 60611
16                                       T: (708) 628-4949
                                         F: (708) 628-4950
17                                       jeannie@hbsslaw.com
                                         zorant@hbsslaw.com

18                                       Christopher R. Pitoun (SBN 290235)
19                                       HAGENS BERMAN SOBOL SHAPIRO LLP
                                         301 N. Lake Ave, Suite 920
20                                       Pasadena, CA 91101
                                         T: (213) 330-7150
21                                       F: (213) 330-7152
                                         christopherp@hbsslaw.com

22

23

24

25

26    [32] *See* Proposed Order Granting Mot. to Intervene and Transfer Under the First-to-File Rule,
      Ex. 8.
27

MOTION TO INTERVENE
AND TO TRANSFER
CASE NO. 4:20-cv-5309

Michael Kanovitz
Scott Rauscher
Sarah Grady
Elliot Slosar
LOEVY & LOEVY
311 N. Aberdeen St., Third Floor
Chicago, IL 60607
T: (312) 243-5900
mike@loevy.com
scott@loevy.com
sarah@loevy.com
elliott@loevy.com

*Counsel for Proposed Intervenors*
*John Galvan and Patrick Thomas*

MOTION TO INTERVENE
AND TO TRANSFER
CASE NO. 4:20-cv-5309

- 9 -