UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN SCHOLL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVEN MNUCHIN, et al.,<br><br>    Defendants. | Case No. 20-cv-05309-PJH<br><br>**ORDER GRANTING MOTION TO INTERVENE AND DENYING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 33 |

Before the court is proposed plaintiff-intervenors John Galvan and Patrick Taylor's ("plaintiff-intervenors") motion to intervene and transfer. The matter is fully briefed and suitable for resolution without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

On August 1, 2020, plaintiffs Colin Scholl and Lisa Strawn ("plaintiffs") filed a complaint ("Compl.") in this putative class action (the "Scholl action") asserting three causes of action: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1); (2) violation of the APA, 5 U.S.C. §§ 702, 706(2); and (3) violation of the CARES Act, 26 U.S.C. § 6824, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Dkt. 1. Defendants Steven Mnuchin, Charles Rettig, the U.S. Department of the Treasury, the U.S. Internal Revenue Service, and the United States of America (collectively "defendants") are generally responsible for administering economic impact payments ("EIP") to eligible individuals pursuant to the Coronavirus Aid, Relief, and Economic

Security ("CARES") Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). Id. ¶¶ 1, 6–11. Plaintiffs are incarcerated and formerly incarcerated persons who did not receive payments (id. ¶¶ 4–5) and seek to certify[1] a nationwide class of all similarly situated persons who are or were incarcerated, otherwise met the criteria to receive an EIP under the CARES Act, but did not receive an EIP, (id. ¶ 33).

On August 18, 2020, proposed plaintiff-intervenors appeared in this case and filed the present motion to intervene and transfer. Dkt. 33. Proposed plaintiff-intervenors are the named plaintiffs in a putative class action proceeding before the district court for the Northern District of Illinois, Galvan et al. v. Mnuchin et al., No. 20-cv-4511 (N.D. Ill.) (the "Galvan action"). The Galvan action was filed one day prior to the present action, July 31, 2020, and alleges the same three causes of action against the same defendants. Id. at 1–2. The Galvan action also seeks to certify a similar nationwide class of all incarcerated persons who were eligible to receive an EIP but did not receive such a payment. Id. at 2. Plaintiff-intervenors seek to intervene in this action and stay[2] it pending resolution of the Galvan action under the first-to-file rule. Reply at 1.

## DISCUSSION

**A.   Legal Standard**

**1.   Rule 24**

Federal Rule of Civil Procedure 24 provides for intervention both permissively and as of right. Permissive intervention under Rule 24(b) requires only that the proposed

---

[1] On August 4, 2020, plaintiffs filed a motion for preliminary injunction, motion for class certification, and motion to appoint lead counsel. Dkt. 8. Defendants have appeared in the case and the parties stipulated to a two-week extension for defendants to respond to plaintiffs' motions. Dkt. 29.

[2] Plaintiff-intervenors' motion originally sought to transfer this case to the Northern District of Illinois. Mtn. at 1. However, in their reply brief, plaintiff-intervenors concede that In re Bozic, 888 F.3d 1048, 1054 (9th Cir. 2018), holds that the first-to-file rule does not negate title 28 U.S.C. § 1404(a)'s requirement that an action may be transferred only to a district where it might have been brought. Plaintiffs argue that this case could not have been brought in the Northern District of Illinois, (Opp. at 3–4), and, based on Bozic, plaintiff-intervenors agree, (Reply at 1). Accordingly, in their reply brief, plaintiff-intervenors request the court stay this proceeding pending resolution of the Galvan action. Reply at 2.

intervenor "have a question of law or fact in common" with the underlying action, that the request be timely made, and that the court have an independent basis for jurisdiction over the proposed intervenor's claims. Fed. R. Civ. P. 24(b). Rule 24 "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940).

If an applicant satisfies those threshold requirements, the district court has discretion to grant or deny permissive intervention, Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998), and the court may limit intervention to particular issues, Dep't of Fair Employment & Housing v. Lucent Techs., Inc., 642 F.3d 728, 741 (9th Cir. 2011) (citations omitted). In exercising its discretion, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In addition, the court may consider other relevant factors in making its decision. These factors include the nature and extent of the intervenor's interest; the intervenor's standing to raise legal relevant issues; the legal position the intervenor seeks to advance and its probable relation to merits of case; whether changes have occurred in the litigation so that intervention that was once denied should be reexamined; whether the intervenor's interests are adequately represented by other parties; whether intervention will prolong or unduly delay litigation; and whether the party seeking intervention will significantly contribute to the full development of the underlying factual issues in suit and to a just and equitable adjudication of the legal questions presented. See Spangler v. Pasadena City Bd. of Ed., 552 F.2d 1326, 1329 (9th Cir. 1977).

**2.  First-to-File Rule**

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982) (citing Church of Scientology of Cal. v. U.S. Dep't

1  of the Army, 611 F.2d 738, 749 (9th Cir. 1979), overruled on other grounds by Animal

2  Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016) (en banc); and

3  Great N. Ry. Co. v. Nat'l R.R. Adjustment Bd., 422 F.2d 1187, 1193 (7th Cir. 1970)).

4  Under the first-to-file rule, "when cases involving the same parties and issues have been

5  filed in two different districts, the second district court has discretion to transfer, stay, or

6  dismiss the second case in the interest of efficiency and judicial economy." Cedars-Sinai

7  Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997) (citations omitted).

8       "The first-to-file rule was developed to 'serve[ ] the purpose of promoting efficiency

9  well and should not be disregarded lightly.'" Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d

10  622, 625 (9th Cir. 1991) (alteration in original) (quoting Church of Scientology, 611 F.2d

11  at 750). "Courts examine three factors in deciding whether to apply the first-to-file rule:

12  (1) the chronology of the two actions; (2) the similarity of the parties involved; and (3) the

13  similarity of the issues at stake." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless

14  Shoesource, Inc., No. C-11-1892 EMC, 2012 WL 3277222, at *3 (N.D. Cal. Aug. 9, 2012)

15  (citing Alltrade, Inc., 946 F.2d at 625–26).

16  **B.  Analysis**

17      **1.  Motion to Intervene**

18       Plaintiff-intervenors argue that their motion to intervene is timely because the

19  present case is at an early stage. Mtn. at 3. Next, they contend that plaintiffs and

20  plaintiff-intervenors share identical claims as each complaint pleads the same three

21  causes of action. Id. at 4. Plaintiff-intervenors explain that permitting their intervention

22  will not unduly delay or prejudice the parties here because plaintiff-intervenors seek to

23  intervene for the purpose of staying this case pursuant to the first-to-file rule and because

24  plaintiffs would be encapsulated in the Galvan action's class, they would not lose their

25  rights. Id. Finally, plaintiff-intervenors assert that no independent grounds for jurisdiction

26  is required because they are not seeking to litigate a claim on the merits. Id. at 5.

27       Plaintiffs do not directly oppose the motion to intervene and defer to the court's

28  discretion. Opp. at 2. They oppose the motion insofar as it may cause any delay to

consideration of their case. Id. at 2–3.

Plaintiff-intervenors meet the requirements for permissive intervention under Rule 24(b). First, their motion is timely as the court has not adjudicated any substantive motion and briefing remains pending on plaintiffs' motions for preliminary injunction, class certification, and to appoint lead plaintiff and lead counsel. Next, the legal issues in this case are similar if not identical. Both actions seek to challenge the lack of payments made to incarcerated persons under the CARES Act and bring the same causes of action. Because the proposed intervention would only be for the narrow purpose of seeking a stay in this court, intervention will not unduly delay or prejudice adjudication of the original parties' rights. Finally, as plaintiff-intervenors point out, "[p]ermissive intervention ordinarily requires independent jurisdictional grounds[,] . . . . however, an independent jurisdictional basis is not required [when] intervenors do not seek to litigate a claim on the merits." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992) (citations omitted). That is true here where plaintiff-intervenors aver that they are only seeking to stay the case.

For the foregoing reasons, the court GRANTS plaintiff-intervenors' motion to intervene for the limited purpose of seeking to stay this action. See Lucent, 642 F.3d at 741 ("The district court's discretion . . . under Rule 24(b) . . . includes discretion to limit intervention to particular issues." (first alteration in original) (citations omitted)).

### 2. First-to-File Rule

Plaintiff-intervenors next argue that the court should apply the first-to-file rule because the Galvan action was filed prior to this action, the parties are essentially the same, and the issues are identical. Mtn. at 5–7. They explain that, for class actions, courts compare the proposed classes, not the class representatives and the proposed classes in these two actions are substantially similar. Id. at 6. Plaintiffs argue that the court should not apply the first-to-file rule and defendants filed a response stating that they take no position on plaintiff-intervenor's motion. Dkt. 42.

There is no real dispute between plaintiffs and plaintiff-intervenors that the second

1    and third elements of the first-to-file rule are met in this case. Nor is there a dispute that,
2    as a technical matter, the Galvan action was filed before the present action. Rather,
3    plaintiffs contend that the Galvan action was not "first" in any meaningful sense. Opp. at
4    5. Plaintiffs also contend that other factors apply such that application of the first-to-file
5    rule is not warranted.
6         The court agrees that the issues between the two actions are similar if not
7    identical. Further, because both cases would certify similar classes and the defendants
8    are the same, there is similarity between the parties involved. See Weinstein v. Metlife,
9    Inc., No. C06-04444 SI, 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006) ("In a class
10   action, the classes, and not the class representatives, are compared."). Because the
11   first-to-file rule generally does not require strict identity, but rather substantial similarity,
12   Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006), both
13   the second and third elements are met. The relevant question is whether plaintiffs
14   present any reason not to apply the first-to-file rule.
15        With regard to the first factor, "[c]ourts have declined to apply the rule where the
16   time between the actions is relatively short because the two actions will not necessarily
17   have progressed to different stages." Nat'l Union Fire, 2012 WL 3277222, at *3
18   (collecting cases). For example, in Z-Line Designs, Inc. v. Bell'O International, LLC, 218
19   F.R.D. 663, 667 (N.D. Cal. 2003), the two actions were filed two days apart and the court
20   reasoned that "[c]onsidering this relatively short time period between the two filings, the
21   importance of the earlier filing date is diminished." Conversely, in National Union, the
22   district court noted that the first complaint was filed four months prior to the second
23   complaint such that "the earlier filing date of the first filed action [was] not so close to the
24   latter filing date of the second filed action as to render the time between the two filings
25   immaterial." 2012 WL 3277222, at *4.
26        Here, plaintiff-intervenors filed their complaint on July 31, 2020. The next day,
27   August 1, 2020, plaintiffs filed the present action. For all practical purposes, these two
28   filings are virtually simultaneous such that application of the first-to-file rule is not

warranted. The first-to-file rule "is a useful tool for conserving judicial resources, as it tips the scales in favor of the action in which more efforts have been expended and more progress made . . . ." Aurora Corp. of Am. v. Fellowes, Inc., No. CV07-8306-GHK(AJWX), 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008). Where, as here, the cases are in their infancy and neither case has clearly expended more effort or made more progress, the rule's motivation and rationale is diminished.

Plaintiff-intervenors advance two arguments to deflect the impact of the proximity in time between the filings. First, they contend that in cases that disregarded the first-to-file rule due to simultaneous filings, the lawsuits were filed on the same day. Reply at 4–5 (citing Ontel Prod., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995); and Aurora Corp., 2008 WL 709198, at *1). This argument is not persuasive and, instead, buttresses the court's conclusion. Less than twenty-four hours elapsed between the filing of the two complaints.

The district court in Aurora Corp. of America aptly summarized the concern at play here:

> Though it is an acknowledged risk of the rule, the first-filed rule is not intended to create a race to the courthouse. Application of the first-filed rule here, where the parties filed nearly simultaneous actions in competing jurisdictions . . . would invoke none of the merits of the first-filed rule, while promoting the sort of race to the courthouse that is the worst feature of the rule.

2008 WL 709198, at *1. The race to the courthouse seems particularly evident where the Galvan plaintiffs filed their complaint after business hours on a Friday, effectively precluding any same day filing, and prompting a Saturday filing by the Scholl plaintiffs.

Second, plaintiff-intervenors point out that at least some of the cases that rejected the first-to-file rule due to proximity in time also cited other reasons for declining to apply the rule. For example, in Z-Line Designs, 218 F.R.D. at 667, in addition to noting that the cases were filed two days apart, the court determined that the first-filed suit was anticipatory and, under the totality of the circumstances,ractice court declined to apply the first-to-file rule. Similarly, in Riviera Trading Corp. v. Oakley, Inc., 944 F. Supp. 1150,

7

1159 (S.D.N.Y. 1996), the court found an earlier filing date less significant where only four days passed between the filing of the two actions and, to justify its decision, considered other factors such as the anticipatory nature of the first-filed case.  Contrary to plaintiff-intervenors' position, though, those cases simply demonstrate the discretionary nature of applying the first-to-file rule in a fact-specific context.  The Supreme Court has counseled that "[w]ise judicial administration giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems."  Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183 (1952).  The near simultaneous filings here counsel against rigid application of the rule and, accordingly, the court declines to apply the first-to-file rule in this instance.

Because the court declines to apply the first-to-file rule, it does not reach any exceptions to the rule or other equitable considerations raised by plaintiffs.

## CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff-intervenors' motion to intervene and DENIES their motion to transfer or stay the case pursuant to first-to-file rule.

**IT IS SO ORDERED.**

Dated: August 29, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge