RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

LANDON M. YOST (CABN 267847)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 307-2144
Fax:         (202) 307-0054
E-mail: Landon.M.Yost@usdoj.gov
        Western.Taxcivil@usdoj.gov

DAVID L. ANDERSON (CABN 149604)
United States Attorney

Attorneys for United States of America

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| COLIN SCHOLL and LISA STRAWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, et al.,<br><br>Defendants. | Case No. 4:20-cv-05309-PJH<br><br>**DECLARATION OF MICHAEL J. DESMOND** |

I declare the following pursuant to 28 U.S.C. § 1746:

1.  I am the Chief Counsel for the Internal Revenue Service (IRS). In this role, I am the chief legal officer for the IRS and in that role perform duties as prescribed by the Secretary, including those enumerated by statute. 26 U.S.C. § 7803(b)(3). I make this declaration from my personal knowledge and from my review of relevant documents.

2.  On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Public Law 116-136, 134 Stat. 281 (2020), was signed into law. Section 2201 of the CARES Act

added a new section, Section 6428, to the Internal Revenue Code (Code), providing a tax year 2020 credit that will ultimately be claimed or reconciled on a taxpayer's 2020 income tax return. 26 U.S.C. § 6428.

3. The CARES Act provides for an advance of this 2020 tax credit, and it tasked the IRS and the Department of the Treasury with making such advances "as rapidly as possible." 26 U.S.C. § 6428(f).

4. As part of its efforts to implement the CARES Act, the IRS established a dedicated webpage providing information on the credit, which it updated frequently (https://www.irs.gov/coronavirus/economic-impact-payment-information-center).

5. On May 6, 2020, the IRS posted on that website a response to what is currently FAQ number 14, part of a series of FAQs on "EIP Eligibility and General Information." This FAQ stated that incarcerated individuals do not qualify for the advance payments. In issuing this FAQ, the IRS was concerned about possible fraud and the possibility that Congress intended to exclude prisoners.

6. The IRS regularly receives information about possible fraudulent tax refunds and/or what is considered "frivolous" tax activity involving prisoners, as well as information about incarcerated individuals using possible "stolen" identities to obtain false refunds. For example, the IRS receives information from an intelligence unit of the federal Bureau of Prisons that directly monitors suspicious federal prisoner activity. The information is then shared with appropriate parts of the IRS for further analysis. Fraudulent activity involving tax refunds is prevalent among the prison population. For example, in calendar year 2018, the IRS found 6,799 returns filed under the Social Security numbers (SSNs) of prisoners under Federal, state or District of Columbia custody to be false and fraudulent returns. Those returns, all suspended or rejected, claimed tax refunds totaling $118.60 million. These 6,799 returns included returns filed by prisoners as well as returns filed by unknown individuals using prisoners' SSNs. The IRS findings for 2018 are not an isolated case and, in fact, reflect progress from earlier years in reducing fraudulent tax activities involving prisoners. Because of the continued prevalence of fraudulent tax activities among the prisoner population, the IRS applies fraud filters to

screen all tax returns filed under prisoners' SSNs that claim refunds and otherwise scrutinizes prisoners' tax filings and refund claims.

7. The IRS also receives information regarding incarcerated individuals from the Social Security Administration. Additionally, pursuant to 26 U.S.C. § 6116, the IRS receives a variety of information regarding inmates incarcerated with the state and federal prison systems. Included in that information are identifying information and the dates of release, or the anticipated dates of release, for such inmates. The IRS used this information to determine which individuals would not receive advance payments of the CARES Act tax credit. Specifically, individuals who were deemed to be incarcerated based on these dates as of April 30, 2020, were deemed not to qualify for the advance payments.

8. FAQ 14 was addressed to the question of whether incarcerated individuals may receive an advance payment of the CARES Act tax credit (referred to by the IRS as Economic Impact Payments). It did not address whether such individuals are ultimately eligible to claim the credit on their 2020 tax returns. Subject to the administrative and judicial procedures that apply to all tax returns and subject to possible retroactive amendment of the statute, the IRS currently plans to allow the CARES Act tax credit claimed on 2020 returns by otherwise eligible individuals who were only incarcerated for a portion of tax year 2020.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 1st day of September, 2020.

*/s/ Michael J. Desmond (original on file)*
MICHAEL J. DESMOND
Chief Counsel
U.S. Internal Revenue Service

DECLARATION OF MICHAEL J. DESMOND
4:20-cv-05309-PJH

3