UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COLIN SCHOLL and LISA STRAWN, on behalf of themselves and all others similarly situated.<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, in his official capacity as the Secretary of the U.S. Department of Treasury; CHARLES RETTIG, in his official capacity as U.S. Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; the U.S. INTERNAL REVENUE SERVICE; and, the UNITED STATES OF AMERICA.<br><br>Defendants. | Case No. 4:20-cv-5309-PJH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CO-LEAD CLASS COUNSEL** |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction, Class Certification, and Appointment of Co-Lead Class Counsel.  Defendants filed an opposition to Defendants' Motion for Preliminary Injunction on September 1, 2020, but did not address Plaintiffs' request for class certification or appointment of co-lead class counsel.

The Court, having considered the papers filed by the parties as well as the arguments of counsel, hereby **GRANTS** Plaintiffs' motion for class certification and appointment of co-lead counsel.  Plaintiffs' request for a preliminary injunction remains under submission and will be

1  addressed in a separate order.

2      Plaintiffs have shown that the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(2) have been met and that class certification is warranted.  Joinder of all Class Members would be impractical; the claims of Plaintiffs Colin Scholl and Lisa Strawn are typical of those of the Class; Plaintiffs Colin Scholl and Lisa Strawn will adequately represent the interests of the Class and have no conflicts with other Class Members; and there are questions of law or fact common across the Class.  Furthermore, certification under Rule 23(b)(2) is proper because Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

    The Court also finds that certification under Rule 23(b)(3) is proper because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.  In particular, the central issue that affects every class member's claim is whether the CARES Act excludes incarcerated people from the definition of an "eligible individual" based solely on their incarceration, and whether incarcerated people are eligible for advanced refunds under the CARES Act.  These questions can be resolved for all members of the class in a single adjudication.  To the extent there are issues that may affect only individual class members, they relate to whether the amount of any CARES Act benefit should be reduced based on that individual's gross income, or increased because the individual has qualifying children.  These minor issues relate to objective criteria and they do not affect liability but rather go to what is essentially a question of how much each individual is entitled to, and it is settled that questions regarding the amount of damages do not defeat predominance or class action treatment.  In any case, the Court has many tools at its disposal for streamlining the resolution of such questions should they arise, as demonstrated by the fact that Defendants themselves were able to resolve those questions for over 160 million individuals in just a few months.

    Accordingly, the Court **ORDERS** as follows:

1. The Court hereby certifies the following Class pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3):

All United States citizens and legal permanent residents who:

(a) are or were incarcerated (*i.e.*, confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;

(b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,200 (or $24,400 if filing jointly) in the respective tax year;

(c) were not claimed as a dependent on another person's tax return; and

(d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

Excluded from the Class are estates and trusts; Defendants; the officers, directors, or employees of any Defendant; and, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff.

2. The Court appoints Colin Scholl and Lisa Strawn as representatives of the Class.

3. The Court appoints Kelly M. Dermody of Lieff, Cabraser, Heimann & Bernstein LLP and Eva J. Paterson of the Equal Justice Society as Co-Lead Class Counsel. Counsel is experienced in complex class action litigation and will adequately represent the interests of the Class. The requirements of Federal Rule of Civil Procedure 23(g) are satisfied.

4. The parties shall meet-and-confer and submit a proposed Notice Plan to the Court within 2 weeks.

**IT IS SO ORDERED.**

Dated: _____

The Honorable Phyllis J. Hamilton