Kelly M. Dermody (SBN 171716)
Yaman Salahi (SBN 288752)
Jallé Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008
kdermody@lchb.com
ysalahi@lchb.com
jdafa@lchb.com

Eva Paterson (SBN 67081)
Mona Tawatao (SBN 128779)
Christina Alvernaz (SBN 329768)
EQUAL JUSTICE SOCIETY
1939 Harrison St., Suite 818
Oakland, CA  94612
Telephone: 415-288-8703
Facsimile:  510-338-3030
epaterson@equaljusticesociety.org
mtawatao@equaljusticesociety.org
calvernaz@equaljusticesociety.org

[Additional counsel listed on signature page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COLIN SCHOLL and LISA STRAWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, in his official capacity as the Secretary of the U.S. Department of Treasury; CHARLES RETTIG, in his official capacity as U.S. Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; the U.S. INTERNAL REVENUE SERVICE; and, the UNITED STATES OF AMERICA.<br><br>Defendants. | Case No. 4:20-cv-5309-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND EMERGENCY MOTION FOR NOTICE TO CLASS MEMBERS OF IMPENDING DEADLINE TO FILE CLAIMS AND TO CORRECT CLASS DEFINITION** |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**: Please take notice that Plaintiffs Colin Scholl and Lisa Strawn hereby move to request the Court order Defendants to issue notice to Class Members of the impending deadline to file claims, and to correct the Class definition. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law and Points and Authorities; and the papers, records, and pleadings on file in this matter. In light of the Court's scheduling notes that all motions will be decided on the papers, Plaintiffs have not noticed this motion for a hearing but are prepared to appear for one at the Court's request.

Dated:  September 27, 2020          Respectfully submitted,


By:     */s/ Kelly M. Dermody*
          Kelly M. Dermody

Kelly M. Dermody (SBN 171716)
Yaman Salahi (SBN 288752)
Jallé H. Dafa (SBN 290637)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  415.956.1000
Facsimile:  415.956.1008
kdermody@lchb.com
ysalahi@lchb.com
jdafa@lchb.com

Eva Paterson (SBN 67081)
Mona Tawatao (SBN 128779)
Christina Alvernaz (SBN 329768)
EQUAL JUSTICE SOCIETY
1939 Harrison St., Suite 818
Oakland, CA  94612
Telephone: 415-288-8703
Facsimile:  510-338-3030
epaterson@equaljusticesociety.org
mtawatao@equaljusticesociety.org
calvernaz@equaljusticesociety.org

Lisa Holder (SBN 212628)
Law Office of Lisa Holder
Equal Justice Society, Of Counsel
P.O. Box 65694
Los Angeles, CA 90065
Telephone: 323-683-6610
lisaholder@yahoo.com

*Attorneys for Plaintiffs and Co-Lead Class Counsel*

## I. INTRODUCTION

On September 24, the Court certified a class of people incarcerated in state or federal prisons pursuant to a criminal conviction in the United States who also meet certain other criteria relevant to eligibility for CARES Act stimulus relief payments. Dkt. 50. In its order, the Court observed the impending October 15, 2020 deadline for taxpayers who did not file a 2018 or 2019 tax return to identify themselves to the IRS in order to receive a relief payment before the December 31, 2020 statutory deadline. *Id.* at 4, 15, 37.

Since May, Defendants have represented to the public and to members of the class that incarcerated persons are ineligible for such payments. Dkt. 50 at 4-5. As a result, class members who are eligible but who may have been dissuaded from submitting a claim to the IRS because of the IRS's inaccurate representations now have less than three weeks to do so. Moreover, the Class, by its nature, is made up of people with very limited access to the outside world and ability to use the Internet to file a claim online.

In light of these circumstances and the Court's finding that Plaintiffs are likely to succeed on the merits, Plaintiffs respectfully request that the Court order Defendants to issue notice to class members within 7 days of the need to submit a claim by October 15, 2020, if they have not already filed a claim or a 2018 or 2019 tax return. Plaintiffs also respectfully request that the Court amend the class definition to correct a minor typo regarding income eligibility (the number should be $12,200, not $12,000).

## II. LEGAL STANDARD

Rule 23 permits courts to issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of" "any step in the action" or "the proposed extent of the judgment," Fed. R. Civ. P. 23(d)(1)(B)(i)-(ii), and to otherwise "deal with similar procedural matters," *id.* 23(d)(1)(E). Rule 23(d) "authorizes a district court in appropriate circumstances to require a defendant's cooperation in identifying the class members to whom notice must be sent." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 355 (1978). These circumstances include when the defendant is "able to perform a necessary task

1   with less difficulty or expense than could the representative plaintiff." *Id.* at 356.

2   Further, "[d]istrict courts may order a class action defendant to pay the cost of class
3   notification after they determine the defendant is liable on the merits," "even when the liability
4   decision is under appeal." *Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir.
5   2009). *See also Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (affirming
6   district court's order requiring government to provide notice to class members at its own expense
7   because, *inter alia*, the government was "uniquely positioned to ascertain class membership").
8   The liability decision need not be final to support cost-shifting: indeed, the Ninth Circuit has
9   recognized the "general principle that 'interim litigation costs, including class notice costs, may
10  be shifted to defendant after plaintiff's showing of some success on the merits, whether by
11  preliminary injunction, partial summary judgment, or other procedure.'" *Hunt*, 560 F.3d at 1143
12  (quoting 3 William B. Rubenstein, Alba Conte, and Herbert B. Newberg, *Newberg on Class*
13  *Actions* § 8:6 (4th ed. 2007)).

14  **III.   ARGUMENT**

15        **A.   Defendants Should Issue Corrective Notice to the Class**

16  Notice to the Class is warranted because for nearly six months, since at least since May 6,
17  2020, Defendants' public statements incorrectly stated that incarcerated people were ineligible for
18  advance refund payments. *See* Dkt. 50 at 4-5. Based on these statements, many class members,
19  including Ms. Strawn, refrained from submitting a claim through the IRS's Non-Filer Portal out
20  of fear that it would be characterized as a false or fraudulent claim. *See* Dkt. 14 ¶ 2. As a result,
21  notice to Class Members who have not already filed a claim or a 2018 or 2019 tax return is
22  needed to correct this misunderstanding and to advise them of the IRS's impending October 15,
23  2020 to submit claims.

24  An order directing notice would not require Defendants to do anything more than they
25  have already done with respect to other possibly eligible "Non-Filers." On September 8, 2020, the
26  IRS announced on its website that it would "start mailing letters to roughly nine million
27  Americans who typically don't file federal income tax returns who may be eligible for, but have

28

not registered to claim, an Economic Impact Payment."[1]  The IRS could simply mail the same letter, with a minor modification stating that incarcerated individuals who otherwise meet the eligibility criteria may also file a claim.  Plaintiffs have also attached a proposed notice that could accompany that letter.

Additionally, if the IRS will not extend its October 15, 2020 administrative deadline voluntarily, the Court should consider extending that deadline to 30 days after notice is delivered, in order to provide affected Class Members time to receive any notice that is mailed to them, obtain access to the Internet if they wish to file a claim or contact a loved one to file an online claim on their behalf, or, alternatively, to obtain and mail a paper claim per the IRS's instructions.[2]

The IRS is best positioned to efficiently identify the Class Members to whom notice should be sent.  As the IRS has confirmed, it has access to a database identifying every single incarcerated person in the United States.  *See* Dkt. 44-1 ¶ 7 ("[T]he IRS receives a variety of information regarding inmates incarcerated with the state and federal prison systems.  Included in that information are identifying information and the dates of release, or the anticipated dates of release, for such inmates.").  That identifying information includes: full name; date of birth; institution of current incarceration or most recent incarceration; inmate number; taxpayer identification number and whether it has been verified; and last known address.  26 U.S.C. § 6116(b).  This was the same information the IRS used to exclude Class Members from advance payment relief.  Dkt. 44-1 ¶ 7.  The IRS can easily use this information to identify any incarcerated people (1) with valid social security numbers; (2) who have not already received an EIP; (3) who will not receive an automatic payment based on a 2018 or 2019 tax return or an already-filed claim; and will thus need to be advised of their ability to make a claim by October 15, 2020 to receive a payment this year.

---

[1] *See* IRS, *IRS to mail special letter to estimated 9 million non-filers, urging them to claim Economic Impact Payment by Oct. 15 at IRS.gov*, IRS-2020-203 (Sept. 8, 2020), https://www.irs.gov/newsroom/irs-to-mail-special-letter-to-estimated-9-million-non-filers-urging-them-to-claim-economic-impact-payment-by-oct-15-at-irsgov.

[2] *See* https://www.irs.gov/newsroom/file-a-simplified-paper-tax-return (explaining how paper submissions can be made).

1     Because the IRS is already engaged in this process and can administer it for Class Members much more quickly and efficiently than Plaintiffs, the Court should order it to do so. *See Oppenheimer*, 437 U.S. at 355.  Cost-shifting to Defendants is also justified because the Court has already ruled that Plaintiffs are likely to succeed on the merits, and the need for corrective notice is a consequence of Defendants' actions.  *Hunt*, 560 U.S. at 1143-44; *see also Sullivan v. Kelly Servs., Inc.*, 2011 WL 31534 (N.D. Cal. Jan. 5, 2011) (ordering defendant to bear costs of class notice); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 2016 WL 6953462, at *5 (C.D. Cal. June 16, 2016) (shifting costs to defendants after "a strong showing of success on the merits"); *Lee v. Enterprise Leasing Co.-W.*, 2014 WL 4801828, at *2  (D. Nev. Sept. 22, 2014) (noting that "the weight of authority appears to endorse the shifting of costs to the defendant when its liability is clearly within sight"); *Sobel v. Hertz Corp.*, 2013 WL 5202027, at *5 (D. Nev. Sept. 13, 2013).

### B. The Court Should Correct the Class Definition

The Class certified by the Court includes people who "were exempt from a filing obligation because they earned an income below $12,000." Dkt. 50 at 43.  The $12,000 figure was based on a typo in Plaintiffs' complaint, which Plaintiffs regret.  *See* Compl. ¶ 33.  In their motion for class certification and proposed order, however, Plaintiffs corrected this typo to the correct number, $**12,200**.  *See* Dkt. 8 at 19; Dkt. 8-1 at 3.  Plaintiffs respectfully request that the Court modify the Class definition to correct this error.  A proposed order is attached hereto.

### IV. CONCLUSION

For the reasons above, Plaintiffs respectfully request that the motion be granted.

| | | |
|---|---|---|
| 1 | Dated: September 27, 2020 | Respectfully submitted, |
| 2 | | */s/ Kelly M. Dermody* |
| | | Kelly M. Dermody (SBN 171716) |
| 3 | | Yaman Salahi (SBN 288752) |
| | | Jallé Dafa (SBN 290637) |
| 4 | | Lieff Cabraser Heimann & Bernstein, LLP |
| | | 275 Battery Street, 29th Floor |
| 5 | | San Francisco, CA  94111-3339 |
| | | Telephone:  415.956.1000 |
| 6 | | Facsimile:  415.956.1008 |
| | | kdermody@lchb.com |
| 7 | | ysalahi@lchb.com |
| | | jdafa@lchb.com |

Eva Paterson (SBN 67081)
Mona Tawatao (SBN 128779)
Christina Alvernaz (SBN 329768)
EQUAL JUSTICE SOCIETY
1939 Harrison St., Suite 818
Oakland, CA  94612
Telephone: 415-288-8703
Facsimile:  510-338-3030
epaterson@equaljusticesociety.org
mtawatao@equaljusticesociety.org
calvernaz@equaljusticesociety.org

Lisa Holder (SBN 212628)
Law Offices of LISA HOLDER
Equal Justice Society, Of Counsel
P.O. Box 65694
Los Angeles, CA 90065
Telephone: 323-683-6610
lisaholder@yahoo.com

*Attorneys for Plaintiffs and Co-Lead Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2020, I caused the foregoing to be electronically filed and served with the Clerk of the Court using the CM/ECF system to all parties of record.

*/s/ Kelly M. Dermody*
Kelly M. Dermody