UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN SCHOLL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, et al.,<br><br>Defendants. | Case No. 20-cv-05309-PJH<br><br>**ORDER GRANTING MOTION FOR NOTICE TO CLASS MEMBERS, GRANTING MOTIONS TO SHORTEN TIME, AND SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. Nos. 51, 57, 61 |

Before the court is plaintiffs' motion for notice to class members of impending deadline to file claims and correct class definition. The matter is fully briefed and suitable for resolution without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

On August 1, 2020, plaintiffs filed a complaint ("Compl.") in this class action asserting three causes of action under the Administrative Procedure Act and the Little Tucker Act. Dkt. 1. Plaintiffs and class members are incarcerated or formerly incarcerated individuals who would otherwise be eligible to receive a payment under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act" or the "Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). On August 4, 2020, plaintiffs filed a motion for preliminary injunction, motion for class certification, and motion to appoint co-lead counsel. Dkt. 8. On September 24, 2020, this court granted the motions, certified a class, and entered a preliminary injunction. Dkt. 50.

A more complete summary of the relevant background may be found in the court's order granting the motion for preliminary injunction and class certification. See id. at 1–6. For purposes of the present motion, defendants Steven Mnuchin, Charles Rettig, the U.S. Department of the Treasury, the U.S. Internal Revenue Service ("IRS"), and the United States of America (collectively "defendants") are generally responsible for administering economic impact payments ("EIP") to eligible individuals pursuant to the CARES Act. Compl. ¶¶ 1, 6–11. The CARES Act directs the IRS to issue EIPs in the form of an advance refund of a tax credit that will otherwise be claimed on a taxpayer's 2020 taxes. 26 U.S.C. § 6428(a), (f). The Act permits the IRS to use an individual's 2019 tax returns to determine whether that person is an eligible individual, § 6428(f)(1), but if the taxpayer did not file 2019 returns, the IRS may also use tax returns from 2018 or certain Social Security statements from calendar year 2019, § 6428(f)(5).

As part of the preliminary injunction, the court enjoined defendants from withholding benefits pursuant to the CARES Act from plaintiffs or any class member on the sole basis of their incarcerated status. Dkt. 50 at 44. The court ordered defendants to reconsider payments to those who would otherwise be entitled to an EIP based on their 2018 or 2019 tax returns but did not receive the payment on the sole basis of their incarcerated status. Id. The court also ordered defendants to reconsider any claim filed through the online non-filer tool, described below, for those claims that were previously denied on the sole basis of the claimant's incarcerated status. Id. The court set a thirty-day deadline for each reconsideration. Id.

Though it is under no statutory obligation to do so, the IRS also provided a simplified method for individuals who did not file a 2018 or 2019 tax return to file a simplified return with the IRS and thus receive an advance refund. The agency provided an online "non-filers tool" available on IRS.gov for eligible individuals with little or no income (and thus normally not required to file a tax return). Declaration of Kenneth C. Corbin ("Corbin Decl."), Dkt. 56-1, ¶ 3. This tool is offered using software provided by a private entity, Free File Inc., for the duration of the tax filing season. Id. ¶ 4. The 2020

2

1  tax filing season for tax year 2019 is scheduled to end October 15, 2020.  Id.  The IRS
2  has publicly encouraged eligible individuals to complete the non-filers tools before
3  October 15th to allow the IRS sufficient time to disburse CARES Act advance payments
4  by the December 31, 2020 deadline imposed by Congress.  Id. ¶ 7; see § 6428(f)(3)(A).
5  The IRS also permits non-filers who cannot use the online non-filer tool to mail a
6  simplified paper tax return for tax year 2019.  Mtn. at 3 n.2.

## DISCUSSION

### A.   Legal Standard

Federal Rule of Civil Procedure 23 permits a district court to issue orders that "require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members of: (i) any step in the action; (ii) the proposed extent of the judgment; or (iii) the members' opportunity to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or to otherwise come into the action."  Fed. R. Civ. P. 23(d)(1)(B).  A court may also issue orders that "deal with similar procedural matters."  Fed. R. Civ. P. 23(d)(1)(E).

### B.   Analysis

#### 1.   Notice to Class Members

Plaintiffs argue that defendants should issue corrective notice to the class because since at least May 6, 2020, the IRS has made public statements that incarcerated persons are ineligible for advance refund payments, which caused some class members to refrain from submitting claims through the IRS's non-filer's portal.  Mtn. at 2.  Plaintiffs point out that on September 8, 2020, the IRS announced it would start mailing letters to approximately nine million Americans who do not typically file federal income tax returns but may be eligible for an EIP.  Id. at 2–3.  Plaintiffs propose that the IRS could mail the same letter with some modifications to incarcerated individuals.  Id. at 3.

Plaintiffs also urge the court to consider extending the IRS's October 15th deadline by 30 days after notice is delivered to provide class members time to receive any notice, obtain internet access, and file a claim.  Id.  Next, plaintiffs assert that the IRS is best

3

positioned to identify class members because the agency has a database in which it receives information from state and federal prisons with inmates' identifying information. Id.  Thus, plaintiffs contend that the court should shift the cost of class notice to defendants because they are better suited to issue such notice. Id. at 3–4.

Defendants question whether plaintiffs' contemplated notice falls within one of the Rule 23 categories and further argue that ordering the IRS to extend the October 15th deadline is not an appropriate action under Rule 23.  Opp. at 5.  However, defendants state that if the court is inclined to order the IRS to provide notice to class members, the method by which plaintiffs propose to send notice is inappropriate.  Id.  Defendants propose that the IRS provide such notice through existing programs and procedures to communicate important tax information regarding incarcerated individuals.  Id.

Specifically, the IRS maintains a line of communication with correctional facility officials through the agency's Blue Bag Program and communications related to title 26 U.S.C. § 6116.  Corbin Decl. ¶ 18.  Defendants state that the IRS previously used this program to send out information relating to EIPs and the IRS can quickly distribute such messages electronically.  Opp. at 5.  The IRS can also post instructions and notice on its website.  Id.  Defendants further state that each correctional facility has different internal procedures for how it collects tax returns, procedures which the IRS could not address in a single standardized letter to all incarcerated individuals.  Id. at 6.

Defendants also take issue with plaintiffs' suggestion that the IRS should use information in its database, previously gathered pursuant to § 6116, to send individualized letters to all addresses in the database.  Id.  Defendants aver that providing individualized notice within seven days would be "impossible" given the administrative and logistical burdens faced by the IRS.  Id.  Further, the IRS's information gathered pursuant to § 6116 is nearly a year old and includes outdated information concerning incarcerated individuals who have transferred to different facilities or who have been

4

released from prison.[1]  Id. at 6–7.  Defendants posit that a court order for individualized notice through the mail would force the IRS to reallocate resources, would take significant time to distribute, and would be based on outdated information.  Id. at 7–8.

Plaintiffs' reply brief clarifies and narrows at least some of the issues between the parties.  Plaintiffs state they are willing to adopt alternative proposals to distribute notice to class members as long as the alternative is designed to reach as many people as possible as quickly as possible.  Reply at 3–4.  For example, plaintiffs state that if the IRS has channels of communication with state prison officials, then such channels might be an effective way to apprise class members residing in those prison facilities.  Id. at 4.  Plaintiffs maintain that the communication should include the notice submitted by plaintiffs, (Dkt. 51-1), a paper Form 1040, and instructions on how to complete the form.  Reply at 4.  However, plaintiffs contend that if defendants cannot secure voluntary compliance, then they should send mail notice to the last known address for whom defendants have contact information, even if that information is incomplete.  Id.

      **a.**      **Rule 23(d)**

In Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 342 (1978), the Supreme Court addressed whether a district court could order a defendant in a class action to help compile a list of names and addresses of members of the plaintiff class so that individual notice under Rule 23(c)(2) could be sent.  The Court determined that Rule 23(d) provided the relevant authority and framework to determine both responsibility and cost in performing necessary tasks to send out notice under Rule 23(c)(2).  While notice in this case is based on Rule 23(d)(1) and not Rule 23(c)(2), the Court's analysis of a district court's discretion under Rule 23(d) is nonetheless applicable here.

"The first question that a district court must consider under Rule 23(d) is which party should perform particular tasks necessary to send the class notice."  Id. at 356.

---

[1] Defendants explain that the IRS usually receives certain information about incarcerated persons in October each year.  Corbin Decl. ¶ 9.  The IRS last received information in October 2019 and has yet to receive updated information for 2020.  Id. ¶ 10.

"The general rule must be that the representative plaintiff should perform the tasks, for it is he who seeks to maintain the suit as a class action and to represent other members of his class." Id. However, in some cases, "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." Id. In those instances, the court has discretion "to order the defendant to perform the task in question." Id.

If the court determines that a defendant should perform a necessary task under Rule 23(d), the next question is which party should bear the expense.

> On one hand, it may be argued that this should be borne by the defendant because a party ordinarily must bear the expense of complying with orders properly issued by the district court; but [Eisen v. Carlisle & Jacquelin ("Eisen IV"), 417 U.S. 156 (1974),] strongly suggests that the representative plaintiff should bear this expense because it is he who seeks to maintain the suit as a class action.

Id. at 358. The court "must exercise its discretion in deciding whether to leave the cost of complying with its order where it falls, on the defendant, or place it on the party that benefits, the representative plaintiff." Id.; see also id. at 358–59 ("In the usual case, the test should be whether the expense is substantial, rather than, as under Rule 26(c), whether it is 'undue.'").

### b. Whether Defendants Should Issue Notice to the Class

At the outset, a few observations bear mention. First, both plaintiffs and defendants accept the fact that notice to class members in some form is possible. While defendants quibble with whether the notice in this instance falls within the scope of Rule 23(d), they have proposed a solution, sending electronic notice to prison officials and posting notice on the IRS website. Second, mailing individual notice (or mailing paper Form 1040s) to class members will almost certainly fail to provide them appropriate relief within the current deadline imposed by the IRS. The earliest business day the IRS could begin retrieving individual names and addresses from its database is Monday October 5, 2020, which provides 9 business days (11 total days) to identify eligible individuals, print and prepare the notice, mail the notice, distribute the notice at each correctional facility,

6

1   have incarcerated persons confer with family members concerning their finances so that
2   they enter accurate information, and have incarcerated individuals gain internet access
3   and successfully navigate an online portal.  That online portal also requires claimants to
4   register an account with a valid email address.[2]  The IRS also permits taxpayers who
5   cannot use the non-filer tool to submit a simplified paper tax return, but even that option
6   requires the taxpayer to print his or her own Form 1040, complete it using the simplified
7   instructions on the IRS's website, and mail the simplified Form 1040 by October 15,
8   2020.[3]

9   Third, even if the IRS distributes notice electronically to prison officials through its
10  already existing procedures, that notice will still require time for the IRS to prepare and
11  prison officials to disseminate that notice to incarcerated persons and for those persons
12  to either use the non-filer tool or complete a paper Form 1040.  Fourth, defendants state
13  that the "Department of the Treasury and the IRS are in discussions with the members of
14  Free File Inc. regarding extending" the October 15th deadline.  Corbin Decl. ¶ 6.  Finally,
15  neither party squarely addresses how notice will be sent to those formerly incarcerated
16  who have been released since the enactment of the CARES Act.

17  With those observations in mind, the court turns to the Rule 23(d) analysis.  As a
18  threshold issue, the court is not persuaded by defendants' contention that the proposed
19  notice does not fall within the scope of Rule 23(d).  Rule 23(d)(1)(B)(i) permits the court
20  to order notice "to protect class members and fairly conduct the action" and give
21  appropriate notice of "any step in the action."  It is fair to say that the simultaneous
22  certifying of a class and issuing a preliminary injunction that affects benefits for which
23  class members are potentially eligible is newly relevant information that falls within the

---

[2] See FAQs, https://www.freefilefillableforms.com/#/fd/eip.faqs, (last visited Oct. 1, 2020).  It is not clear to the court that incarcerated persons have access to an email address, which is required to verify identity in order to use the online non-filer tool.  Plaintiffs also cite this concern in their reply brief and state that the IRS has not yet confirmed whether or not the attorneys, spouses, or friends and family of class members may submit online claims on behalf of class members.  Reply at 5.

[3] See File a Simplified Paper Tax Return, https://www.irs.gov/newsroom/file-a-simplified-paper-tax-return (last updated Sept. 22, 2020).

7

"any step in the action" category of Rule 23(d)(1)(B).  See City Select Auto Sales, Inc. v. David/Randall Assocs., Inc., 151 F. Supp. 3d 508, 513 (D.N.J. 2015) (noting that courts "principally invoke [Rule 23(d)(1)(B)] in the presence of questions regarding the adequacy of the class representative, in order to notify the class members of newly relevant information, and/or when a court denies class certification") (citing Newberg On Class Actions § 8.26 (5th ed.))); Puffer v. Allstate Ins. Co., 614 F. Supp. 2d 905, 910 (N.D. Ill. 2009) (noting that "the denial of class certification is a 'step in the action'").  Thus, the court turns to the Oppenheimer Fund analysis.

    First, the court finds that defendants are best suited to perform the necessary task at hand.  As defendants state, they have existing programs and procedures to communicate important tax information regarding incarcerated individuals.  They also gather information on incarcerated individuals pursuant to title 26 U.S.C. § 6116.  Further, defendants control the IRS's website, which is an alternate method to provide notice.  Plaintiffs, on the other hand, have none of that information available.

    Second, the court finds that defendants are also best suited to bear the costs of notice.  This follows from defendants' averment that they already have programs and procedures in place to electronically communicate with correctional facilities.  The electronic nature of defendants' proposed communication greatly reduces the cost, whereas the cost of preparing individual mailings for each class member would be substantial.  See Corbin Decl. ¶¶ 14–17.

    In sum, the court finds that notice to class members is appropriate and the court exercises its discretion to find that defendants should complete the necessary tasks to issue notice and bear the cost of both the tasks leading up to notice and notice itself.  For the foregoing reasons, the court GRANTS plaintiffs' motion for notice.

        **c.    Whether Defendants Should Extend the October 15, 2020 Deadline**

    The court's finding, however, does not address the looming October 15th deadline.  In passing, plaintiffs suggest that the court should consider extending the October 15th

deadline. Mtn. at 3. Defendants contend that ordering the IRS to extend the deadline is not an appropriate action under Rule 23. Opp. at 5. In their reply brief, plaintiffs acknowledge that an agreement to move the deadline might still be reached, but argue that, absent a voluntary extension, a court order pursuant to the All Writs Act is necessary to protect the preliminary injunction and the rights of absent class members. Reply at 6.

The court agrees with defendants that an order extending the IRS's deadline is a form of substantive relief that is not properly within the scope of Rule 23. See Cobell v. Kempthorne, 455 F.3d 317, 324 (D.C. Cir. 2006) ("Rule 23's advisory committee notes, though describing the rule's list of permissible subject for notice as 'non-exhaustive,' nowhere suggest that the rule authorizes substantive, as opposed to procedural, notice."). Plaintiffs appear to recognize this because their reply brief cites the All Writs Act, 28 U.S.C. § 1651, as the appropriate source of the court's authority to order such relief.

Plaintiffs' motion only pertains to whether the court should order defendants to issue notice to class members of an impending deadline to file claims and to correct the class definition. Mtn. at 1. Plaintiffs did not raise the All Writs Act in their motion and by addressing it for the first time in their reply brief, they deprive defendants the opportunity to respond to their argument. See Masterson v. Cty. of Alameda, 2019 WL 3290779, at *5 (N.D. Cal. July 22, 2019) ("Because the argument was raised for the first time on reply, the court declines to consider it." (citations omitted)). Because plaintiffs' relief is not squarely before the court and further because the parties indicate some willingness to explore extending the deadline, the court declines to take up plaintiffs' invitation to issue substantive relief.

That said, it is evident from the number of steps required to issue notice and file a valid simplified tax return combined with the imminent deadline, that if the court's preliminary injunction is going to have any affect, there should be some discussion regarding extending the deadline. In the first instance, that discussion should occur

9

1 between the parties.  Defendants have indicated that they are discussing extending the
2 October 15, 2020 deadline with Free File Inc.  As a corollary to such an extension, the
3 court would expect the IRS to also extend its own deadline to submit a simplified return
4 (otherwise an extension to use Free File's service would be virtually meaningless).  In
5 their reply, plaintiffs also indicate that an agreement on the deadline might be possible.

Therefore, the court ORDERS the parties to meet and confer regarding the possibility of extending the deadline for non-filers to file a simplified return, whether by the online non-filer tool or by a mailed Form 1040.  Plaintiffs may file a motion for appropriate relief after such meet and confer and after the parties submit a joint plan or separate plan, as described below.

### d. Contents of the Notice

Plaintiffs assert that the notice to class members should include: (1) a copy of the proposed notice attached to their motion; (2) a copy of the IRS's paper form for Non-Filers (i.e., a Form 1040); and a copy of the letter mailed to 9 million other non-filers with information about the program and eligibility requirements.  Dkt. 51-2 at 2.  They also contend that those materials should be modified to reflect that class members may submit claims up to thirty days after notice is mailed (or any later date that defendants may voluntarily adopt).  Id.

Defendants do not directly challenge the contents of the notice, rather they argue that the notice should be sent via established communication channels to prison officials who then can disseminate information to prison populations.  Opp. at 5.  However, it is not clear that the method by which defendants propose to disseminate information could be used to provide paper Form 1040s to incarcerated persons.  It would seem that implicit in defendants' proposed method is shifting the burden to produce instructions and Form 1040s from defendants to third party state prison officials who are not subject to the court's jurisdiction.

In their reply brief, plaintiffs propose to meet and confer and submit a joint proposed notice plan no later than Monday October 5, 2020.  Reply at 1.  If an agreement

1  cannot be reached, then plaintiffs propose that defendants submit their proposed plan on
2  October 5, 2020 and plaintiffs would respond on October 6, 2020.  Id.
3         The court agrees that further discussion between the parties on the contents of the
4  notice is warranted.  As the parties are no doubt aware, any official government
5  communication will cause class members and third parties to rely on such notice and
6  while time is of the essence, the information provided to the court to date leaves
7  important questions open for resolution.  The court hopes that the parties can work
8  together on accomplishing the underlying purpose of this order.  Accordingly, as part of
9  their meet and confer and either joint or separate plans, the parties should address the
10 following items:

- Whether the electronic notice to federal and state prisons can include the legal notice attached to plaintiffs' motion, (Dkt. 51-1), the letter disbursed by the IRS to eligible individuals who have yet to file for or claim an EIP,[4] and a Form 1040 for distribution.
- Whether there are other methods to distribute Form 1040s to class members.
- Whether the IRS has access to either current or last known addresses for formerly incarcerated individuals.[5]
- Whether any technical changes to the notice language is necessitated by this order, the preliminary injunction, or any agreement between the parties on extending the deadline for non-filers to submit their tax information.
- As discussed, whether the IRS will unilaterally extend the deadline to submit non-filer information.

---

[4] See IRS to mail special letter to estimated 9 million non-filers, urging them to claim Economic Impact Payment by Oct. 15, https://www.irs.gov/newsroom/irs-to-mail-special-letter-to-estimated-9-million-non-filers-urging-them-to-claim-economic-impact-payment-by-oct-15-at-irsgov (Sept. 8, 2020).
[5] Neither party has directly addressed whether their proposed solution would effectively reach those members of the class who have been released this year.  Title 26 U.S.C. § 6116(b) requires correctional facilities to provide the last known address of inmates, but it is unclear whether that information could be used to reach recently released individuals.

11

The court ORDERS the parties to file either a joint proposed plan on or before October 5, 2020 or, if the parties are unable to reach an agreement, defendants shall file a proposed plan on or before October 5, 2020 and plaintiffs shall file a response proposed plan on or before October 6, 2020.  Defendants should also be prepared to issue notice electronically via the already established procedures between the IRS and state and federal correctional facilities as described in defendants' opposition and attached declaration.  They should also be prepared to post the notice on the IRS.gov website.

### 2. Class Definition

Plaintiffs also move the court to correct an error in the class definition.  Mtn. at 4. The court's class certification order defined a class including people who "were exempt from a filing obligation because they earned an income below $12,000. . . ." Dkt. 50 at 43.  Plaintiffs point out that the income threshold is $12,200, not $12,000, (Mtn. at 4), and defendants take no position on this issue, (Opp. at 3 n.1).  The court agrees with plaintiffs and GRANTS their motion with respect to amending the class definition.

The class definition is hereby modified as follows:

> All United States citizens and legal permanent residents who:
>
> (a) are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present;
>
> (b) filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,200 (or $24,400 if filing jointly) in the respective tax year;
>
> (c) were not claimed as a dependent on another person's tax return; and
>
> (d) filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.
>
> Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and,

any judicial officer presiding over this action and his/her immediate family and judicial staff.

### 3. Motions to Shorten Time

On September 29, 2020, plaintiffs filed a motion for summary judgement, (Dkt. 54), and on October 1, 2020, defendants filed an emergency motion for stay of preliminary injunction pending appeal, (Dkt. 58). Plaintiffs have filed a motion to shorten time with respect to their motion for summary judgment, (Dkt. 57), and the parties have stipulated to shorten time with respect to defendants' motion to stay, (Dkt. 61).

The court agrees with the parties that expedited briefing is warranted and because there is significant overlap between the issues presented by both motions, the court GRANTS plaintiffs' motion to shorten time, (Dkt. 57), and the parties' stipulation to shorten time, (Dkt. 61). Because this order requires the parties to meet and confer and file a proposed plan early next week, the court SETS the following briefing schedule. Defendants' opposition to the motion for summary judgment and plaintiffs' opposition to the motion to stay shall be filed on or before Wednesday October 7, 2020. Plaintiffs' reply in support of the motion for summary judgment and defendants' reply in support of the motion to stay shall be filed on or before Friday October 9, 2020. The matters will be decided on the papers.

## CONCLUSION

For the reasons stated, the court GRANTS plaintiffs' motion for notice to class members and to correct class definition. The court also ORDERS the parties to meet and confer and file a proposed notice plan (or plans, if necessary), as detailed herein. Finally, the court GRANTS plaintiffs' motion to shorten time and the stipulation to shorten time.

**IT IS SO ORDERED.**

Dated: October 2, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

13