UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COLIN SCHOLL, et al.,

             Plaintiffs,

     v.

STEVEN MNUCHIN, et al.,

             Defendants.

Case No.  20-cv-05309-PJH

**ORDER RE: NOTICE TO CLASS MEMBERS**

Re: Dkt. No. 51

On October 2, 2020, this court issued an order granting plaintiffs' motion for notice to class.  Dkt. 62.  The court declined to order certain relief in the first instance, instead requiring the parties to meet and confer and file either a joint proposed plan or separate proposed plans if the parties were unable to reach an agreement regarding notice to class members.  Id. at 12.  Unable to reach an agreement, the parties have filed separate proposed plans.  Dkts. 65, 67.  Having read the proposed plans filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

**A.**    **IRS Website**

Defendants state that they will update the IRS website[1] to reflect the court's preliminary injunction order and to provide information to incarcerated individuals about

---

[1] Defendants state that the FAQ page has already been revised to remove the statement that incarcerated persons cannot receive the advance payment and currently states: "Answer is being revised to reflect the Order Granting Motion for Notice to Class Members in Colin Scholl v. Steven Mnuchin, No. 20-cv-05309 (N.D. Cal. Oct. 2, 2020)." Dkt. 65 at 3 n.4.

United States District Court
Northern District of California

1   their eligibility for the advance refund payments.  Dkt. 65 at 3.  Further, defendants will

2   revise the FAQ to state that the IRS is taking steps to comply with the court's order and

3   that incarcerated individuals who have not received the advance refund may provide

4   information to the IRS to allow the IRS to consider the individual's eligibility for such a

5   refund.  Id.  The FAQ will also indicate that the information may be filed using the online

6   non-filers tool or by mailing a 2019 simplified paper tax return to the IRS.  Id.

7           Plaintiffs state that some portions of the FAQ have not been updated and some

8   IRS employees have pointed to language on the IRS website to instruct class members,

9   advocates, correctional authorities, and others that it would be fraud for an incarcerated

10  person to file a claim.  Dkt. 67 at 1–2 (citing Declaration of Kelly M. Dermody ("Dermody

11  Decl."), Dkt. 68, ¶ 2.  Plaintiffs request that the court order defendants to: (1) remove all

12  statements on its websites that incarcerated persons are ineligible for EIP funds; (2)

13  revise language in the FAQ #14 so that the answer to the question, "Does someone who

14  is incarcerated qualify for the Payment?" is, "Yes, if they meet the eligibility criteria

15  described above in response in Q A1"; and (3) send a memo to individuals who staff the

16  IRS hotline or otherwise interact with the public to answer questions regarding the EIP

17  program, notifying them that nobody should be advised that incarcerated persons are

18  ineligible."  Dkt. 67 at 3.

19          The court notes that the parties agree as to the broad principle that the IRS

20  website should be updated to reflect the court's preliminary injunction order and its order

21  for notice to class members.  Further, the differences between the parties on this issue

22  are not significant.  Accordingly, the court ORDERS defendants to update the IRS.gov

23  website (and any other related page) to state that incarcerated individuals who have not

24  received the advanced refund payment may provide information to the IRS to allow the

25  IRS to consider the individual's eligibility for the refund.  The website shall indicate that

26  individuals may file using the online non-filers tool or by mailing a simplified paper tax

27  return to the IRS.  Defendants shall update all FAQs and any other pages that discuss

28  the eligibility of incarcerated individuals for an EIP to reflect the court's order.  These

United States District Court
Northern District of California

1   updates shall be completed no later than midnight Eastern Daylight Time on October 8,

2   2020, though any later technical or nonmaterial corrections may be updated as

3   necessary.  Defendants shall also communicate to IRS employees or other federal

4   employees who interact with the public to answer questions regarding EIP in accordance

5   with the guidance posted on the IRS.gov website and the court's orders.

6   **B.      Communication to Prison Officials**

7       Defendants propose to notify prison officials for whom the IRS has contact

8   information and the notification will notify prisoners of the court's preliminary injunction

9   order and provide instructions for how class members may take action to provide their

10  information to the IRS, if they have not already done so.  Dkt. 65 at 4.  Defendants state

11  that the notification can include a cover letter addressed to prison officials urging them to

12  disseminate information expeditiously.  Id.  Finally, defendants assert that they are willing

13  to conduct outreach to other federal agencies and private organizations that work directly

14  with class members to obtain their assistance in providing information about the court's

15  preliminary injunction order and steps class members can take to provide their

16  information to the IRS.  Id.

17      Plaintiffs also argue that communication to prison officials is necessary and

18  request the IRS to send the following documents: (1) a cover letter; (2) the court-

19  approved notice, attached hereto; (3) a sample Form 1040 and Form 1040-SR that can

20  be used to file paper claims; and (4) a set of instructions explaining how to fill the Form

21  1040/1040-SR for purposes of obtaining a payment.  Dkt. 67 at 4.  Further, the cover

22  letter should include: (a) a summary of the IRS's change in position; (b) a statement

23  retracting the IRS's prior communication to prison officials that EIPs should intercepted

24  and returned; (c) a statement that incarcerated persons should be permitted to submit

25  claim forms and receive payments sent by the IRS; and (d) a statement strongly

26  recommending and urging prison administrators to prominently post and distribute copies

27  of the notice, Form 1040/1040-SR, and instructions for those forms to incarcerated

28  persons as expeditiously as possible.  Id.

3

1    As with the updates to the IRS website, there is some agreement between the

2    parties on this issue.  Defendants are willing to distribute notice to prison officials for

3    which it has contact information and the parties agree as to most of the documents to be

4    included in that communication.  Thus, the court ORDERS defendants to distribute the

5    following documents to all state and federal correctional facilities for which it maintains

6    any communication channel: (1) a cover letter that includes[2] the four main points

7    addressed by plaintiffs in the proposed plan; (2) an electronic version of the simplified

8    paper return (Form 1040/1040-SR) referred to in Rev. Proc. 2020-28 with instructions on

9    how to complete the simplified form; and (3) legal notice, as described below.

10    Both parties have submitted proposed legal notice language and the substance of

11    the two proposals are similar.  Dkt. 65-1; Dkt. 68-1.  The court finds plaintiffs' proposed

12    legal notice language easier to understand for non-lawyers and thus shall be included in

13    the notice communication to prison officials.  However, the parties may again meet and

14    confer on any specific objections raised by defendants to language in plaintiffs' notice.

15    Defendants shall transmit notice to prison officials no later than midnight Eastern Daylight

16    Time on October 8, 2020.  Defendants shall conduct outreach to other federal agencies

17    and private organizations that work directly with class members as described in their

18    proposed plan.  While the court declines to assign a specific deadline to this task,

19    defendants should use reasonable efforts to expeditiously conduct this outreach.

20    **C.    Mailed Notice to Class Members**

21    Plaintiffs contend that the court should further order defendants to mail

22    individualized notice to class members based on information currently in the IRS's

23    database.  Dkt. 67 at 5.  Plaintiffs acknowledge some difficulties associated with mailing

24    notice but argue that any shortcomings are not a reason to forego any attempt at

25    individualized notice.  Id. at 6.  Plaintiffs posit that the IRS has a serviceable database

26

27    _____

28    [2] The court notes that specific language for the cover letter was not included in any filing
and takes no position on the specific language for the cover letter.  As indicated above,
however, the cover letter should adhere to the court's preliminary injunction order, the
order granting notice to class members, and this order.

4

United States District Court
Northern District of California

1  that includes information concerning individuals incarcerated as of October 2019.  Id.

2  While defendants do not specifically address this issue in their current briefing,

3  they do contend that they do not have the current or last known address for individuals

4  who were incarcerated earlier this year but who have since been released.  Dkt. 65 at 5–

5  6.  Further, in their opposition to plaintiffs' motion for notice to class, defendants detailed

6  significant obstacles to providing effective individualized notice including outdated

7  addresses, unformatted and invalidated data, and incomplete data.  Dkt. 56 at 7.

8  Ordering the IRS to provide individualized notice would force the IRS to reallocate

9  resources from its other commitments to disbursing advance refund payments for eligible

10  individuals.  Id.  Finally, any mailed notice will not arrive in time to postmark a simplified

11  paper return by October 15, 2020.  Id.

12  Defendants have identified significant practical hurdles to issuing individualized

13  notice to class members and the court is cognizant of the agency's monumental tasks to

14  process and issue EIPs while also conducting its normal operations.  However, the court

15  notes that in September, the IRS mailed millions of individualized notices to American

16  taxpayers encouraging them to file for an EIP.  Further, imperfections in the IRS's

17  database is not a compelling reason to at least attempt individualized notice with the

18  understanding that some mailed notices will not reach their intended recipients.

19  While the IRS's communication to prison officials is necessary, it is not, by itself,

20  sufficient to meet the requirements of Rule 23.  In addition to their normal duties, prison

21  officials are struggling to manage COVID-19's impact on their facilities.  As third parties to

22  this lawsuit, they do not have a stake in the resolution of this case and may not diligently

23  distribute notice to class members.  Individualized notice mailed to class members is

24  superior to electronic notice to prison officials and appropriate under Rule 23(d)(1)(B).

25  For the foregoing reasons, the court ORDERS defendants to mail individualized

26  notice to those class members for whom they have a mailing address.  That notice shall

27  include a copy of the finalized legal notice, a paper Form 1040 (or 1040-SR as

28  applicable), and instructions on completing the Form 1040.  Defendants shall mail notice

1    no later than October 15, 2020.

2    **D.    Deadline to Submit Simplified Paper Returns**

3         Defendants state that they have moved the deadline to file using the online non-

4    filer tool from October 15, 2020 to November 21, 2020.  Dkt. 65 at 3.  They further state

5    that they have not agreed to move the deadline to file using the simplified paper tax

6    returns and the deadline remains October 15, 2020.  Id.  In their motion for notice to class

7    members, plaintiffs briefly urged the court to order defendants to modify this latter

8    deadline and in their reply brief, plaintiffs squarely requested the court order such relief

9    pursuant to the All Writs Act.

10        In their proposed plan, plaintiffs again assert that the court should order

11   defendants to extend the deadline by which taxpayers may file a paper tax return under

12   the All Writs Act.  Dkt. 67 at 7.  Plaintiffs state that they advised defendants before

13   defendants filed the proposed plan that plaintiffs would renew their request so that

14   defendants could address the issue.  Id. at 9.  They argue that if the court is inclined to

15   provide defendants an opportunity to address this issue, then such response should be

16   within one business day.  Id.

17        However, the court takes note of plaintiffs' contention in their proposed plan that

18   the IRS is advising community organizations that assist low-income non-filers with claims

19   for EIPs that those non-filers can mail their simplified paper tax returns by October 30,

20   2020.  Dkt. 67 at 8 (citing IRS, An Instructional Guide for Community Organizations

21   Helping Non-Filers Get Economic Impact Payments in 2020, Publication 5420-C (Rev.

22   10-2020), Catalog No. 74950B, https://www.irs.gov/pub/irs-pdf/p5420c.pdf, (last viewed

23   October 7, 2020 at 9:00 a.m.)).  A screenshot of the relevant portion of the publication is

24   as follows:

25

26

27

28

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



**Economic Impact Payments:**
**Helping People with Low Income or No Income Get a Payment**

Community organizations are vital IRS partners in this effort

Dear partners,
Since this spring, thousands of IRS partners in communities across the country have shared information about Economic Impact Payments – also called stimulus payments – with thousands of people.

We're grateful for your efforts to help get these payments to people who otherwise may not know about them. Because some people don't normally file tax returns, the IRS doesn't have information to issue an automatic payment for them. Your community engagement has made a difference. Thank you!

However, we still need to reach more.

Many non-filers need to sign up by October 30, 2020 to get a payment this year. People who don't normally have to file taxes – called non-filers throughout this guide – may be eligible for $1,200 per person and $500 for each qualifying child.

Non-filers may include:
• individuals who have income below $12,200,
• couples who have income below $24,400,
• people with no income,
• part-time workers,
• Indian tribal members,
• people who work in the gig economy,
• federal benefit recipients who have not received an automatic payment or
• people experiencing homelessness.

Some IRS partners can help in ways beyond spreading the word. If you can provide computer and internet access, or help people sign up and receive their payment, this instructional guide is for you – and it comes with good news.

**The deadline for non-filers to sign up is extended to October 30, 2020.** Non-filers now have until October 30 to sign up for an Economic Impact Payment. The previous deadline was October 15. Please continue to share information and help people in your community through October 30.

**IRS now has three ways non-filers can sign up for an Economic Impact Payment by October 30.** You'll find more details later in this guide, but here are the highlights:

• **One electronic option:** Non-Filers: Enter Payment Info Here tool at IRS.gov, which is a quick, online, paperless way to sign up for an EIP. It's the fastest way to get an EIP, especially if people choose direct deposit instead of a mailed payment. It's available in

2|Publish Date: September 2020

22
23
24

The fact that the IRS is willing to extend the simplified paper tax return deadline in a publication to community organizations contradicts defendants' position that "[t]his deadline cannot practically be extended." Dkt. 65 at 6.

25
26
27
28

Accordingly, the court recognizes that the IRS has effectively extended the deadline to October 30, 2020 and published that change to the public.  While plaintiffs did not file a motion for relief, the court will hold the IRS to its own statement and ORDERS

1   the deadline for class members to postmark their simplified paper returns extended to

2   October 30, 2020.

3       **IT IS SO ORDERED.**

4   Dated: October 7, 2020

5                                           /s/ Phyllis J. Hamilton

6                                           PHYLLIS J. HAMILTON
                                            United States District Judge

8