Professor Amy Spivey, CA Bar No. 294078
Director, UC Hastings Low-Income Taxpayer Clinic
100 McAllister Street, Suite 300
San Francisco, CA 94102
Telephone:  (415) 565-4707
Facsimile:  (415) 557-7895
spiveyamy@uchastings.edu

Professor T. Keith Fogg*
Director, Federal Tax Clinic of the Legal
Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, Massachusetts 02130
Telephone:  (617) 390-2532
kfogg@law.harvard.edu

Janice Rovner Feldman, Esq.*
Volunteer, Federal Tax Clinic at the Legal Services
Center at Harvard Law
122 Boylston Street
Jamaica Plain, Massachusetts 02130
Telephone:  (301) 792-0568
brianandjanfeldman@comcast.net

*Not admitted in this jurisdiction

*Counsel for Amicus*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COLIN SCHOLL and LISA STRAWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN MNUCHIN, in his official capacity as the Secretary of the U.S. Department of Treasury; CHARLES RETTIG, in his official capacity as U.S. Commissioner of Internal Revenue; U.S. DEPARTMENT OF THE TREASURY; the U.S. INTERNAL REVENUE SERVICE; and, the UNITED STATES OF AMERICA.<br><br>Defendants. | Case No.  4:20-cv-5309-PJH<br><br>**MEMORANDUM OF LAW OF AMICUS CURIAE CENTER FOR TAX PAYER RIGHTS IN SUPPORT OF THE PLAINTIFFS** |

# TABLE OF CONTENTS

Page

STATEMENT OF INTEREST OF AMICUS CURIAE ................................................................ 4

SUMMARY OF THE ARGUMENT ................................................................................................ 5

ARGUMENT ................................................................................................................................... 6

    I.    26 U.S.C. § 7422(a) Does Not Apply to the Plaintiffs' Challenge ........................................ 6

    II.    Assuming, Arguendo, that 26 U.S.C. § 7422(a) Applies to the Plaintiffs' Challenge, It Does Not Provide an Adequate Alternative to Review Under the Administrative Procedure Act ……………………………………………………………………………………8

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

## CASES

Amador v. Mnuchin,
   No. CV ELH-20-1102, 2020 WL 5849476, (D. Md. Oct. 1, 2020) ................................... 7, 8, 9
Bowen v. Massachusetts,
   487 U.S. 879, 893, 108 S. Ct. 2722, 2731, 101 L. Ed. 2d 749 (1988) ......................................... 8
Colin Scholl, et al., Plaintiffs, v. Steven Mnuchin, et al., Defendants.,
   No. 20-CV-05309-PJH, 2020 WL 5702129, at *11 (N.D. Cal. Sept. 24, 2020) ................... 7, 10
Doe v. Trump,
   No. 820CV00858SVWJEM, 2020 WL 5076999 (C.D. Cal. July 8, 2020) ................................. 8
King v. Burwell,
   759 F.3d 358, 366–67 (4th Cir. 2014), aff'd, 576 U.S. 473, 135 S. Ct. 2480, 192 L. Ed. 2d 483
   (2015) ................................................................................................................................. 7, 9, 10
R.V. v. Mnuchin,
   No. 20-CV-1148, 2020 WL 3402300 (D. Md. June 19, 2020) .................................................... 8
U.S. Army Corps of Engineers v. Hawkes Co.,
   136 S. Ct. 1807, 1810, 195 L. Ed. 2d 77 (2016) .......................................................................... 9

## STATUTES

26 U.S.C. § 6428 ................................................................................................................... passim

## STATEMENT OF INTEREST OF AMICUS CURIAE[1]

The Center for Taxpayer Rights ("the Center"), a 501(c)(3) not-for-profit corporation, is dedicated to furthering taxpayers' awareness of and access to taxpayer rights. The Center and its Executive Director, Nina E. Olson, the former National Taxpayer Advocate, have experience advocating on behalf of taxpayers whose voices might otherwise not receive attention. Incarcerated individuals represent an especially financially vulnerable class in American society. The Center believes that the Internal Revenue Service's ("IRS") policy of withholding economic impact payments provided by 26 U.S.C. § 6428 from individuals incarcerated for part of or all of 2020 is contrary to law and subverts the intention of Congress to aid Americans who are struggling financially as a result of the COVID-19 pandemic. For these reasons, The Center submits this amicus brief in support of Colin Scholl, et al. with respect to their argument that individuals incarcerated for part or all of 2020 should receive advance payments under 26 U.S.C. § 6428 ("the CARES Act").

---

[1] No party's counsel authored this brief in whole or in part. No party or party's counsel contributed money that was intended to fund preparing or submitting this brief. This brief is filed with the consent of the plaintiffs, obtained 9/30/2020. Consent of the defendants was sought on 10/6/2020; defendants' reply is pending.

## SUMMARY OF THE ARGUMENT

The Tax Clinic at the Legal Services Center of Harvard Law School, on behalf of the Center for Taxpayer Rights, requests that the United States District Court for the Northern District of California enter summary judgment in favor of Plaintiffs and the certified class they represent.

The Government erred in asserting that 26 U.S.C. § 7422 (a) bars the Plaintiffs from bringing their challenge. While § 7422 (a) requires that taxpayers first file a tax return before filing suit for the refund of an overpayment of tax, many courts have held that § 7422 (a) does not apply to actions in equity. The Plaintiffs are not seeking money damages but rather are seeking equitable enforcement of the statutory command to expeditiously issue advance payments under 26 U.S.C. § 6428. These advance payments were intended by Congress to provide rapid economic relief to the millions of Americans suffering financial hardship as a result of the COVID-19 pandemic. The Government's position that incarcerated taxpayers must first file their 2020 tax returns to qualify for this assistance subverts Congress's intentions and violates 26 U.S.C. § 6428.

The Government also erred in asserting that the Plaintiffs' claim is not reviewable under the Administrative Procedure Act ("APA") because filing a suit for refund under § 7422 (a) provides an adequate alternative to APA review. The alternative path that the Government wishes to impose on the Plaintiffs has been analyzed by other courts and has been found to be inadequate. The Plaintiffs represent a class of people who tend to be economically disadvantaged. For this group, the hope of eventually receiving the economic impact payment is substantially different than receiving that payment as rapidly as possible, especially when these payments were intended to provide immediate relief to those adversely affected by the pandemic.

For these reasons, the Center argues that the Court should hold to its reasoning when it granted a preliminary injunction in Plaintiffs' favor and enter summary judgment in favor of Plaintiffs and the certified class they represent.

# ARGUMENT

## I. 26 U.S.C. § 7422(a) Does Not Apply to the Plaintiffs' Challenge

26 U.S.C. § 7422 (a) does not bar the plaintiffs' claim in the instant case. Section 7422 (a) states that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

As this Court has pointed out, the instant claim does not fall within the plain language of § 7422(a): "Plaintiffs are not alleging that a tax was erroneously or illegally assessed or collected, a penalty was collected without authority, or any sum is alleged to be excessive." Colin Scholl, et al., Plaintiffs, v. Steven Mnuchin, et al., Defendants., No. 20-CV-05309-PJH, 2020 WL 5702129, at *11 (N.D. Cal. Sept. 24, 2020).

Recent cases interpreting § 7422(a) in similar contexts have reached the same conclusion. In Amador v. Mnuchin, No. CV ELH-20-1102, 2020 WL 5849476, (D. Md. Oct. 1, 2020), the plaintiffs were American citizens married to individuals who did not have Social Security Numbers (SSNs). The plaintiffs filed joint tax returns with their spouses and did not receive economic impact payments under 26 U.S.C. § 6428. They pursued injunctive and declaratory relief, seeking that the IRS be ordered to remit to them advance payments under § 6428. Analyzing the language of § 7422(a), the District Court for the District of Maryland concluded that the plaintiffs' action did not fall under the language of the statute: "Plaintiffs do not seek the recovery of any monies wrongfully "assessed" because they do not allege that the IRS improperly calculated their tax liability… Nor do plaintiffs complain of taxes wrongfully 'collected.'" Id. at *9. The Amador Court also notes that "if a court were to enjoin the enforcement of § 6428(g)(1)(B), this might well result in plaintiffs' receipt of the impact payment. But, an injunction's secondary effects do not transform a suit for equitable relief into one for damages."

1   Id. at *9, citing Bowen v. Massachusetts, 487 U.S. 879, 893, 108 S. Ct. 2722, 2731, 101 L. Ed. 2d
2   749 (1988).
3         Similarly, Doe v. Trump, No. 820CV00858SVWJEM, 2020 WL 5076999 (C.D. Cal. July
4   8, 2020) also addressed the issue of United States citizens who did not receive advance payments
5   under 26 U.S.C. § 6428 because they filed joint tax returns with immigrant spouses who did not
6   have SSNs. In Doe v. Trump, the District Court for the Central District of California held that
7   suits for injunctive and declaratory relief do not fall under the purview of § 7422(a). "Plaintiff
8   seeks only injunctive and declaratory relief." Id. at *4. "Because Plaintiff's claim arises from a
9   Government-imposed barrier to receipt of a benefit, and she is not seeking any refund of tax
10  imposed, § 7422(a) does not bar her claim." Id. at *5.
11        In R.V. v. Mnuchin, No. 20-CV-1148, 2020 WL 3402300 (D. Md. June 19, 2020), United
12  States citizen children with one or two undocumented parents were not given advance payments
13  under 26 U.S.C. § 6428. In agreement with previously cited cases, the District Court for the
14  District of Maryland concluded that "§ 7422(a) does not apply [in this case] because it is not a
15  suit for any tax, penalty, or sum wrongfully collected." Id. at *7.
16        In the context of tax credits allowed under the Affordable Care Act, the Fourth Circuit has
17  held that § 7422(a) does not apply to actions for declaratory and injunctive relief.  "The plaintiffs
18  are not seeking a tax refund; they ask for no monetary relief, alleging instead claims for
19  declaratory and injunctive relief. . . . This is simply not a typical tax refund action in which an
20  individual taxpayer complains of the manner in which a tax was assessed or collected and seeks
21  reimbursement for wrongly paid sums." King v. Burwell, 759 F.3d 358, 366–67 (4th Cir.
22  2014), aff'd, 576 U.S. 473, 135 S. Ct. 2480, 192 L. Ed. 2d 483 (2015). The plaintiffs in King did
23  not seek monetary relief. In contrast, granting the plaintiffs relief in the instant case will have the
24  ultimate effect that they receive monetary payments. However, as the Amador court has already
25  pointed out, Bowen v. Massachusetts has held that a suit for equitable relief is not transformed
26  into an action for damages simply because the enforcement of an injunction would result in
27  monetary payments. Amador v. Mnuchin at *9.
28        Although the advance payments ordered by § 6428(f) involve the same amounts as the

reconciliation provision in § 6428(e), the structure of the statute implies that these payments are not simply refunds of overpaid taxes. Rather, they are meant to be payments, made "as rapidly as possible," in order to help Americans ameliorate the economic problems they are facing today due to the COVID-19 pandemic. Therefore, an action in equity seeking faithful enforcement of § 6428(f) with respect to incarcerated individuals is fundamentally different from a suit for damages seeking to recover overpaid taxes and § 7422(a) should not be used to bar plaintiffs from making their claim.

## II. Assuming, Arguendo, that 26 U.S.C. § 7422(a) Applies to the Plaintiffs' Challenge, It Does Not Provide an Adequate Alternative to Review Under the Administrative Procedure Act

For a claim to proceed under the Administrative Procedure Act (APA), there must be "no adequate alternatives to APA review in court." U.S. Army Corps of Engineers v. Hawkes Co., 136 S. Ct. 1807, 1810, 195 L. Ed. 2d 77 (2016). The Government has contended that 26 U.S.C. § 7422(a) provides an adequate alternative because the plaintiffs can file their 2020 tax returns requesting a refund and if denied, or after six months with no IRS response, file suit for the amount of the economic impact payment under § 7422(a). Given the vulnerable financial circumstances of the instant class of plaintiffs and the purpose of the economic impact payments under the CARES Act, the path suggested by the Government is not an adequate alternative to APA review.

A remedy is inadequate if it imposes upon plaintiffs a process that is "arduous, expensive, and long." U.S. Army Corps of Engineers v. Hawkes Co. at 1815. The Amador Court, in analyzing whether the procedure suggested by the Government would be adequate, noted that "before an action can be brought under § 7422, the taxpayer must (1) file a tax return; (2) file a timely administrative claim with the IRS; and (3) the IRS must deny the claim or fail to act within six months." Amador v. Mnuchin at *9. Applied to the case of individuals who filed jointly with a spouse who did not have a Social Security Number, "[the plaintiffs] would first have file a 2020 tax return, which they cannot do until 2021. Then, plaintiffs would have to wait until the IRS invariably denies their request for a refund in the amount of the CARES Act payment… Once

that happens, plaintiffs would have to file an administrative claim with the IRS, asking it to reconsider its position. But, here too, the IRS will reject plaintiffs' claim." Id. at *9. The Amador court points out that such a path would be a "Kafkaesque scenario" which is "guaranteed to be an exercise in futility." Id. at *9. For these reasons, the Amador court concluded that a suit under § 7422 would be "arduous, expensive, and long" and therefore not an adequate alternative to APA review. The path the Government has suggested the instant plaintiffs take is the same as that suggested by the Government in Amador and therefore would be equally "arduous, expensive, and long."

The CARES Act instructs the IRS to make advance refunds to eligible individuals "as rapidly as possible." 26 U.S.C. § 6428(f)(3). The plaintiffs, falling within the definition of "eligible individual" as defined in § 6428(d), seek injunctive enforcement of this provision.[2] The relief the plaintiffs seek is not simply an eventual payment, but an expedited payment of a sum intended by Congress to aid Americans impacted by the COVID-19 pandemic. The plaintiffs represent a class of persons who already tend to be economically disadvantaged. Scholl v. Mnuchin at *18. At a time when millions of Americans are experiencing economic hardship due to the pandemic, providing the plaintiffs with an economic impact payment now is a substantially different type of relief than forcing them to apply for such a payment in 2021 and potentially endure a long and arduous set of administrative and legal hurdles. Furthermore, to issue payments in 2021 after plaintiffs have filed their 2020 tax returns when it is clearly administrable to issue the payments now[3] would be contrary to Congress's command to administer payments "as rapidly as possible" and would therefore not be an adequate alternative to APA review. Just as the Fourth Circuit held in King that an action under § 7422 "would not afford the plaintiffs the complete relief they seek" because the plaintiffs' challenge was "simply not a typical tax refund action in which an individual taxpayer complains of the manner in which a tax was assessed or collected

---

[2] An eligible individual is defined as "any individual" other than (1) any nonresident alien individual, (2) any individual who is allowed as a dependent deduction on another taxpayer's return, and (3) an estate or trust. § 6428(d).

[3] The IRS has demonstrated its ability to issue economic impact payments to incarcerated individuals by having done so in the early stages of implementing the economic impact payment program. Scholl v. Mnuchin at *3.

1  and seeks reimbursement for wrongly paid sums," so too is the instant challenge not a typical tax
2  refund action and so too would an action under § 7422 not afford the instant plaintiffs the relief
3  they seek. King v. Burwell at 367.
4  //
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

## **CONCLUSION**

For the reasons set forth above, the Center for Taxpayer Rights requests that the Court grant summary judgment in favor of Plaintiffs and the Class.

Dated: October 9, 2020

By:

/s/Amy Spivey
Professor Amy Spivey
Director, UC Hastings Low-Income Taxpayer Clinic
100 McAllister Street, Suite 300
San Francisco, CA 94102
Telephone:  (415) 565-4707
Facsimile:  (415) 557-7895
spiveyamy@uchastings.edu


/s/ T. Keith Fogg
Professor T. Keith Fogg
Director, Federal Tax Clinic of the Legal
Services Center of Harvard Law School
122 Boylston Street
Jamaica Plain, Massachusetts 02130
Telephone:  (617) 390-2532
kfogg@law.harvard.edu


Janice Rovner Feldman, Esq.
Volunteer, Federal Tax Clinic at the Legal Services Center at Harvard Law
122 Boylston Street
Jamaica Plain, Massachusetts 02130
Telephone:  (301) 792-0568
brianandjanfeldman@comcast.net


*Counsel for Amicus*