RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

LANDON M. YOST (CABN 267847)
Trial Attorney
United States Department of Justice, Tax Division
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 307-2144
Fax:            (202) 307-0054
E-mail: Landon.M.Yost@usdoj.gov
            Western.Taxcivil@usdoj.gov

DAVID L. ANDERSON (CABN 149604)
United States Attorney

Attorneys for United States of America

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| COLIN SCHOLL and LISA STRAWN, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>STEVEN MNUCHIN, et al.,<br><br>  Defendants. | Case No. 4:20-cv-05309-PJH<br><br>**STATUS REPORT REGARDING COMPLIANCE WITH THE COURT'S PERMANENT INJUNCTION** |

On October 14, 2020, the Court issued a permanent injunction that "enjoined [the government] from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status." (Dkt. 85, pp. 38-39). The Court also ordered the government to reconsider payment under Section 6428, within 30 days from the Court's September 24, 2020 preliminary injunction order, "to those who are entitled to such payment based on information available in the IRS's records (i.e., 2018 or 2019 tax returns), but from whom benefits have thus far been withheld, intercepted, or returned on the sole basis of their incarcerated status." *Id.* Additionally, the

Court ordered that within those 30 days, the government must "reconsider any claim filed through the 'non-filer' online portal or otherwise that was previously denied solely on the basis of the claimant's incarcerated status." *Id.* The Court further ordered that the government must "take all necessary steps to effectuate these reconsiderations, including updates to the IRS website and communicating to federal and state correctional facilities."[1] *Id.* Finally, the Court ordered that within 45 days of its September 24, 2020 order, the government must "file a declaration confirming these steps have been implemented, including data regarding the number and amount of benefits that have been disbursed."[2]

Attached to this status report is the Fourth Declaration of Kenneth C. Corbin ("Corbin Decl."). This declaration explains that markers of incarcerated status were placed on the accounts of many incarcerated individuals, and that these markers were "the only systemic measure preventing otherwise eligible incarcerated individuals who had filed a 2018 or 2019 return, completed a submission through the non-filer portal, submitted a simplified paper return, or received certain federal benefits from receiving an Economic Impact Payment (EIP)." *Id.* ¶ 4. On October 23, 2020, "the direction to reverse the markers was given and the programing to reverse the markers was begun…." *Id.* ¶ 9. Accordingly, incarcerated individuals who have not already been issued an EIP, but who have filed a 2018 or 2019 tax return, received certain federal benefits, completed a submission through the non-filer portal, or submitted a simplified paper return in time that the payment can be made or allowed before December 31, 2020, will now automatically be included in payment files provided to the Bureau of Fiscal Service (BFS), if they meet the eligibility criteria. *Id.* Thus, by removing this marker (the sole systemic impediment to payment of claims to otherwise eligible incarcerated individuals), the government timely reconsidered (by October 24, 2020, within 30 days of September 24), the payment "to those who are entitled to such payment based on information available in the IRS's records (i.e., 2018 or 2019 tax returns)," as well as "any claim filed through the 'non-filer' online portal or otherwise

---

[1] The government's compliance with the order to update the IRS website and communicate to federal and state correctional facilities has been discussed in other filings. *See*, *e.g.*, Dkt. 133 and its exhibits for some of the communications, and the IRS Economic Impact Payment Center website with updated information: https://perma.cc/RX57-5YYD.

[2] On November 3, 2020, the government submitted a stipulated request to move the date for this status report and declaration to November 10, 2020, which the Court granted. (Dkts. 136 and 137).

that was previously denied solely on the basis of the claimant's incarcerated status." (Dkt. 85, pp. 38-39). Additionally, the declaration details steps that were taken to ensure that the reversal of this marker would result in payments to otherwise eligible individuals. Corbin Decl. ¶¶ 10-13.

Finally, the declaration provides "data regarding the number and amount of benefits that have been disbursed." (Dkt. 85, pp.38-30); Corbin Decl. ¶¶ 14-20. In sum, in addition to the approximately 950,000 incarcerated individuals who earlier received a payment (*id.* ¶ 7), after removal of the marker for incarcerated status, an additional 224,581 payments have been issued so far in the total amount of at least $270,656,319 (disregarding any offsets for past due child support). *Id.* ¶¶ 18-19.

Dated this 10th day of November, 2020.

        RICHARD E. ZUCKERMAN
        Principal Deputy Assistant Attorney General

        */s/ Landon M. Yost*
        LANDON M. YOST
        Trial Attorney, Tax Division
        U.S. Department of Justice

        DAVID L. ANDERSON
        United States Attorney
        Northern District of California

        *Attorneys for United States of America*

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing has been made this 10th day of November, 2020, via the Court's ECF system to all users.

*/s/ Landon M. Yost*
LANDON M. YOST
Trial Attorney, Tax Division
U.S. Department of Justice