UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN SCHOLL, et al.,<br>　　　Plaintiffs,<br>　　　v.<br>STEVEN MNUCHIN, et al.,<br>　　　Defendants. | Case No. 20-cv-05309-PJH<br><br>**ORDER DENYING MOTION TO INTERVENE AND DENYING MOTION FOR CIVIL CONTEMPT**<br><br>Re: Dkt. No. 163 |

Before the court are proposed plaintiff-intervenors Jamal Morton and Araclis Ayala's ("plaintiff-intervenors") motion to intervene and motion for civil contempt. The matters are fully briefed and suitable for resolution without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

On August 1, 2020, plaintiffs Colin Scholl and Lisa Strawn ("plaintiffs") filed a complaint ("Compl.") in this class action asserting three causes of action: (1) violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1); (2) violation of the APA, 5 U.S.C. §§ 702, 706(2); and (3) violation of the CARES Act, 26 U.S.C. § 6824, and the Little Tucker Act, 28 U.S.C. § 1346(a)(2). Dkt. 1. Defendants Steven Mnuchin, Charles Rettig, the U.S. Department of the Treasury, the U.S. Internal Revenue Service ("IRS"), and the United States of America (collectively "defendants") are generally responsible for administering economic impact payments ("EIP") to eligible individuals pursuant to the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act" or the "Act"), Pub.

L. No. 116-136, 134 Stat. 281 (2020). Id. ¶¶ 1, 6–11.

Plaintiffs and class members are incarcerated and formerly incarcerated persons who did not receive payments but are otherwise eligible to receive an EIP. Id. ¶¶ 4–5. They alleged that defendants violated the APA and the CARES Act by instituting a policy that withheld EIPs to incarcerated individuals based solely on their incarcerated status. Id. ¶¶ 18, 20. Plaintiffs filed a motion for preliminary injunction on August 4, 2020, seeking to enjoin defendants' policy of withholding EIPs to incarcerated individuals. Dkt. 8.

On September 24, 2020, the court granted plaintiffs' motion for preliminary injunction and enjoined defendants from "withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status." Dkt. 50 at 44. The court also provisionally certified a class of:

> All United States citizens and legal permanent residents who: are or were incarcerated (i.e., confined in a jail, prison, or other penal institution or correctional facility pursuant to their conviction of a criminal offense) in the United States, or have been held to have violated a condition of parole or probation imposed under federal or state law, at any time from March 27, 2020 to the present; filed a tax return in 2018 or 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year; were not claimed as a dependent on another person's tax return; and filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number. Excluded from the class are estates and trusts; defendants; the officers, directors, or employees of any defendant agency; and, any judicial officer presiding over this action and his/her immediate family and judicial staff.

Id. at 43–44.

Soon thereafter, plaintiffs filed a motion for summary judgment on two of their three claims, Dkt. 54, and defendants filed a motion to stay the preliminary injunction pending appeal, Dkt. 58.[1] On October 14, 2020, the court granted in part and denied in

---

[1] Plaintiffs did not move for summary judgment on their third claim, noting that if the court granted summary judgment on their APA claims, such a finding would moot the Little Tucker claim. Dkt. 54 at 1 n.1.

part plaintiffs' motion for summary judgment and denied defendants' motion to stay. Dkt. 87. As part of that order, the court entered a permanent injunction similar to its preliminary injunction, declared defendants' policy of withholding benefits solely based on an eligible individuals' incarcerated status to be void, and certified the class. Id. at 38–39.

Following the October 14, 2020 order, the court received status updates from the parties and held two status conferences to confirm defendants' compliance with the declaration and permanent injunction. See Dkts. 152, 155, 161, 162, 169, 173, 178. Generally, defendants have complied with the injunction, have taken steps to provide notice to incarcerated persons, and reprocessed and issued EIPs if the IRS determined they were otherwise eligible for such payments. See, e.g., Dkt. 178 at 3 (noting that over 385,000 incarcerated individuals were issued EIPs following the court's October 14, 2020 order). During the course of this litigation, defendants have filed three separate appeals, all of which have since been dismissed. Dkts. 135, 158, 167. The only remaining step is to issue a final judgment on plaintiffs' claims.

Plaintiff-intervenors are incarcerated individuals in the U.S. Virgin Islands and Puerto Rico and seek to intervene in this suit pursuant to Federal Rule of Civil Procedure 24. Dkt. 163 at 20.[2] The broad thesis of their claim is that, similar to plaintiffs and class members[3] in this case, they are eligible to receive EIPs, but the federal government is denying them payments on the basis of their incarcerated status. Dkt. 163 at 11.

---

[2] Plaintiff-intervenors have filed a single document that contains their motion for leave to intervene, their proposed complaint, and a motion for civil contempt. Dkt. 163. For the avoidance of any confusion, all pin citations to plaintiff-intervenors' filing at docket 163 refer to the electronically stamped ECF page number at the top of each page.

[3] Plaintiffs and plaintiff-intervenors dispute whether individuals incarcerated in the U.S. territories and possessions are members of the class in this case. Compare Dkt. 174 at 6 & n.4, with Dkt. 176 at 4–5. This dispute stems from the fact that, for tax purposes, the U.S. Code defines the term "United States" to include only the States and the District of Columbia. 26 U.S.C. § 7701. Plaintiffs infer that this definition applies to the court's use of "United States" in its class definition. This issue was not briefed or addressed in any prior motion or order and the court takes no position on the appropriate definition of the term because, as discussed herein, plaintiff-intervenors have not met the standard for Rule 24 intervention.

Plaintiff-intervenors maintain that plaintiffs are not adequately representing their interests given the unique statutory arrangements governing the U.S. territories and possessions. Id. at 13–14.

Because they are residents of the U.S. territories and possessions, resolution of plaintiff-intervenors' claims would require a broader examination of the CARES Act than previously addressed in this case. This litigation to date has focused exclusively on section 2201(a) of the CARES Act, codified at 26 U.S.C. § 6428, which contains the general provisions relating to payment of the EIPs. Section 2201(c) of the Act, 134 Stat. at 337–38, which was not codified in the United States Code, addresses payments to U.S. territories and possessions. That provision requires the Secretary of the Treasury to pay "each possession of the United States which has a mirror code[4] tax system amounts equal to the loss (if any) to that possession by reason of the amendments made by this section. Such amounts shall be determined by the Secretary of the Treasury based on information provided by the government of the respective possession." 134 Stat. at 338. The Act has a similar provision for possessions that do not have a mirror code, requiring the Secretary to provide "amounts estimated . . . as being equal to the aggregate benefits" if they had a mirror code. Id.

Plaintiff-intervenors allege that the U.S. Virgin Islands' Bureau of Internal Revenue ("BIR") entered into a plan with the U.S. Treasury Department for the distribution of CARES Act funds pursuant to section 2201(c). As part of litigation in the district court for the District of the Virgin Islands, the director of the BIR disclosed that the agency "merely serve[s] as an intermediary between eligible Virgin Islands taxpayers on the one hand, and U.S. Treasury on the other." Dkt. 164 at 33. Further, the U.S. Virgin Islands took no

---

[4] Plaintiff-intervenors explain that title 48 U.S.C. § 1397 provides that the income tax laws of the United States apply with equal force in the U.S. Virgin Islands (i.e., the income tax laws mirror the Internal Revenue Code), except that the tax proceeds are paid into the treasuries of the islands. This statutory scheme is known as the "mirror code" and also applies to Guam and the Commonwealth of the Northern Mariana Islands. See 48 U.S.C. § 1421i. Residents of Puerto Rico pay taxes on income derived from sources within Puerto Rico to their local tax authority and pay taxes to the IRS on income from sources outside Puerto Rico. See 26 U.S.C. § 933.

position on the eligibility of incarcerated persons to receive EIPs and stated that any restrictions on EIPs resulted from terms imposed by the Treasury Department's plan. Id. The director averred that one of the restrictions in Treasury's plan was that no monies could be used to pay EIPs to incarcerated persons. Id. at 34. Finally, the director stated that the BIR remitted EIPs "solely in conformance with the limitations placed on the funds provided by the United States Treasury Department." Id.

If permitted to intervene, plaintiff-intervenors seek to certify a subclass of incarcerated residents of the U.S. territories and possessions who would otherwise be eligible for an EIP but did not receive a payment. Dkt. 163 at 25. Both plaintiffs and defendants have filed oppositions to plaintiff-intervenors' motion. Dkts. 174, 175.

**DISCUSSION**

**A.   Legal Standard**

Federal Rule of Civil Procedure 24 provides for intervention both permissively and as of right. An applicant for intervention as of right under Rule 24(a)(2) must establish four elements:

> (1) that the prospective intervenor's motion is "timely"; (2) that the would-be intervenor has "a 'significantly protectable' interest relating to . . . the subject of the action"[;] (3) that the intervenor is "so situated that the disposition of the action may as a practical matter impair or impede [the intervenor's] ability to protect that interest"; and (4) that such interest is "inadequately represented by the parties to the action."

Smith v. L.A. Unified Sch. Dist., 830 F.3d 843, 853 (9th Cir. 2016) (first and third alterations in original) (quoting Freedom from Religion Found., Inc. v. Geithner, 644 F.3d 836, 841 (9th Cir. 2011)). Courts normally follow "practical and equitable considerations" and construe Rule 24 "broadly in favor of proposed intervenors." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (quoting United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)).

Permissive intervention under Rule 24(b) requires only that the proposed intervenor "have a question of law or fact in common" with the underlying action, that the request be timely made, and that the court have an independent basis for jurisdiction

over the proposed intervenor's claims.  Fed. R. Civ. P. 24(b).  Rule 24 "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."  Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co., 310 U.S. 434, 459 (1940).

If an applicant satisfies those threshold requirements, the district court has discretion to grant or deny permissive intervention, Donnelly v. Glickman, 159 F.3d 405, 412 (9th Cir. 1998), and the court may limit intervention to particular issues, Dep't of Fair Emp. & Housing v. Lucent Techs., Inc., 642 F.3d 728, 741 (9th Cir. 2011) (citations omitted).  In exercising its discretion, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).

**B. Analysis**

**1. Rule 24(a)**

**a. Whether the Motion is Timely**

"Timeliness is determined by the totality of the circumstances facing would-be intervenors, with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"  Smith, 830 F.3d at 854 (quoting United States v. Alisal Water Corp., 370 F.3d 915, 921 (9th Cir. 2004)).  "Prejudice to existing parties is 'the most important consideration in deciding whether a motion for intervention is untimely.'"  Id. at 857 (quoting United States v. Oregon, 745 F.2d 550, 552 (9th Cir. 1984)).  "[T]he only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented—and not from the fact that including another party in the case might make resolution more 'difficult.'"  Id. (citation omitted).

Here, plaintiff-intervenors argue their motion is timely because it is brought five weeks since the court permanently enjoined the federal government.  Dkt. 163 at 10.

They also assert that a major reason for their intervention is a change in circumstances, namely the revelation of a plan between the Treasury Department and the U.S. Virgin Islands' BIR that prohibited CARES Act funds paid to the BIR from being used to pay EIPs to incarcerated persons in the U.S. Virgin Islands. Id. at 8–10. They contend there is no prejudice to the existing parties because the relief sought would only enforce the court's injunction on the federal government and require the government to comply with the law. Id. at 11.

Beginning with the primary factors, the stage of the proceeding alone is virtually fatal. As plaintiffs point out in their opposition, the court has already issued an order granting in part and denying in part plaintiffs' motion for summary judgment and entered a permanent injunction on October 14, 2020. Dkt. 87. Defendants filed three separate appeals of this court's orders, all of which have been dismissed. All of plaintiffs' claims have been adjudicated. See League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1303 (9th Cir. 1997) (affirming denial of untimely motion to intervene where the district court had adjudicated a summary judgment but before the case had gone to trial).

Second, plaintiff-intervenors have prejudiced the existing parties. As stated above, prejudice to the original parties occurs when a putative intervenor knows or should have known that his interests were not adequately represented by the original parties but delays intervention. Plaintiff-intervenors identify two significant protectable interests: that all incarcerated individuals obtain their EIPs pursuant to title 26 U.S.C. § 6428 and that the federal government complies with section 2201(c) of the CARES Act. Dkt. 163 at 12. The first interest has been at issue in this case from the filing of the complaint in August and, by all measure, plaintiff-intervenors' interests were adequately represented because plaintiffs secured a preliminary injunction in September and a declaration and permanent injunction in October.

It is telling, however, that resolution of the first issue did not address the other interest cited by plaintiff-intervenors—namely that the Treasury Department's plans with the U.S. territories and possessions also prohibited payment to incarcerated individuals in

7

those particular locations.  The application of section 2201(c) of the CARES Act to the territories and possessions has **<u>never</u>** been at issue in this case.  Nor has any agreement between the federal government and the local tax authorities in the territories and possessions.  This is not a situation where plaintiff-intervenors knew or should have known of their interest in the case but one where they simply do not have an interest in this case.  That interest was being litigated by plaintiff-intervenor Morton when he filed a complaint in the district court for the U.S. Virgin Islands until November 3, 2020 that, if successful, could have vindicated his interest.[5]  While he may not have had reason to know that it was the federal government's plan, rather than the BIR, as the apparent cause of his claim, the revelation of the proper defendant does not manufacture an interest in this case.  In light of those facts, the original parties would be prejudiced by this intervention.

Third, plaintiff-intervenors assert that the reason for their delay in moving for intervention is due to the fact that the Treasury's plan was only recently disclosed in litigation before the district court for the U.S. Virgin Islands.  Dkt. 163 at 12.  As a general matter, the change of circumstances illustrated by the revelation of the Treasury Department's involvement in the plan implementing the CARES Act in the U.S. territories and possessions is a plausible reason for delay.  Yet, that reasonable delay does not cure the fact that the interest implicated by the reasonable delay—the application of section 2201(c) of the CARES Act to the territories and possessions—is not at stake in this litigation.

Other considerations confirm the untimeliness of plaintiff-intervenors' motion.  The gravamen of plaintiff-intervenors' complaint is that they were denied EIPs because of an agreement between the federal government and the U.S. Virgin Islands' BIR that would prohibit any monies paid by the Treasury Department from being used to pay EIPs to

---

[5] The district court has since dismissed Morton's claim for lack of subject matter jurisdiction.  See Morton v. United States Virgin Islands, et al., 20-cv-109-RAM-RM, Dkt. 90 (D.V.I. Dec. 31, 2020).

1  incarcerated persons.  The court's preliminary injunction order and summary judgment
2  order discussed at length the CARES Act's scheme regarding the payment of advance
3  refunds.  E.g., Dkt. 87 at 27–32.  Significantly, title 26 § 6428(f)(3)(A) provides that "[n]o
4  refund or credit shall be made or allowed under [subsection (f)] after December 31,
5  2020."  Plaintiff-intervenors have not explained how the court or defendants can
6  disregard this statutory limitation placed on advance refunds even if the court were to
7  grant the declaratory relief sought by plaintiff-intervenors.  Dkt. 163 at 11.
8       Moreover, defendants filed an opposition in which they state that on December 11,
9  2020, counsel for the federal government informed counsel for plaintiff-intervenors that
10 the federal government would amend the agreements with the U.S. territories and
11 possessions to permit them to disburse EIPs to incarcerated individuals.  Dkt. 175 at 2.
12 While plaintiff-intervenors respond that there is still some declaratory relief that the court
13 could provide such that they have standing, Dkt. 176 at 1, the implication of defendants'
14 filing is that impetus behind plaintiff-intervenors' claims is moot.  Plaintiff-intervenors
15 acknowledge this point in their reply brief, stating that "the Government decided . . . to
16 amend the plans to remove the offending provisions."  Dkt. 176 at 2.
17      In sum, the three primary factors as well as the additional considerations
18 mentioned confirm that the motion is untimely.

### b. Whether Plaintiff-Intervenors Have Significant Protectable Interests

21      "The requirement of a significantly protectable interest is generally satisfied when
22 'the interest is protectable under some law, and that there is a relationship between the
23 legally protected interest and the claims at issue.'"  Arakaki v. Cayetano, 324 F.3d 1078,
24 1084 (9th Cir. 2003) (quoting Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir.1993),
25 abrogated on other grounds by Wilderness Soc., 630 F.3d at 1180).  "An [intervenor]
26 generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's
27 claims actually will affect the [intervenor]."  Donnelly, 159 F.3d at 410 (citations omitted).
28      As stated above, plaintiff-intervenors argue that they have significant protectable

9

interests in obtaining their EIPs and having the federal government comply with the portion of the CARES Act that requires the Treasury Department to fund the territories and possessions so they can issue the EIPs. Dkt. 163 at 12.

Assuming that they have legally protectable interests, plaintiff-intervenors' argument fails the relationship prong. If it is the case, as plaintiff-intervenors contend, that plaintiffs' claims affected them, then their interest would be satisfied because the court has already entered a permanent injunction prohibiting defendants from "withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarcerated status" and has declared defendants' policy of excluding payments to incarcerated individuals solely on their status to be void. Dkt. 87 at 38. Instead, the distinguishing fact between plaintiffs' claims and plaintiff-intervenors' interest are the plans agreed to by the Treasury Department and the respective U.S. territories and possessions. That issue was not litigated in this case and has no relationship to plaintiffs' claims.

Because plaintiff-intervenors fail to establish the first two elements of an intervention of right, the court declines to address the remaining elements. See Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc., 309 F.3d 1113, 1120 (9th Cir. 2002) (affirming denial of motion to intervene based solely on untimeliness factor).

**2.      Rule 24(b)**

In the alternative, plaintiff-intervenors assert that they meet the Rule 24(b) requirements for permissive intervention. They argue that common questions of fact and law exist, in particular that the federal government's position with regard to the CARES Act in general and the EIPs in particular is unlawful. Dkt. 163 at 14.

As with intervention as of right, permissive intervention under Rule 24(b) requires the motion to intervene be timely. Greene v. United States, 996 F.2d 973, 978 (9th Cir. 1993). For the reasons stated above, plaintiff-intervenors' motion is not timely.

With respect to common issues of law or fact, the commonality is tenuous at best.

1  Of course, whether defendants' policy of denying EIPs to incarcerated individuals based
2  solely on that status was a common legal issue when plaintiffs first filed their complaint.
3  However, that issue has been resolved and the court has declared that policy to be void.
4  Plaintiff-intervenors have not proffered a common legal or factual question that remains
5  to be adjudicated.  The overlap of open legal or factual questions is nonexistent, and this
6  only underscores the conclusion that permissive intervention is not warranted.

It is also clear that if the court were to permit intervention, it would unduly delay adjudication of the original parties' rights.  See Fed. R. Civ. P. 24(b)(3).  As reiterated throughout this order, the only remaining step in adjudicating plaintiffs' claims is to issue a final judgment.  Plaintiff-intervenors' claims would require the court to address questions of law and fact—i.e., section 2201(c) of the CARES Act and the Treasury Department's plans with the territories and possessions—that share no commonality with the questions already addressed in this litigation.  Essentially, intervention would transform this nearly complete action into a second action.

In sum, there are any number of reasons to deny plaintiff-intervenors' motion for permissive intervention and the court has discretion to deny permissive intervention even if plaintiff-intervenors met the threshold requirements.  See Donnelly, 159 F.3d at 412. They have not even met the threshold requirements and the motion must be denied.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff-intervenors' motion to intervene and DENIES AS MOOT their motion for civil contempt.

**IT IS SO ORDERED.**

Dated: January 11, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge